Sylvia Jones sued John Baker to recover on a promissory note in the amount of $31,973.59, payable to Friday, Inc.; Jones is the sole stockholder and chief officer of Friday, Inc. Jones's complaint was served *Page 451 
on Baker on February 6, 1992, and Baker did not answer. On March 19, 1992, Jones moved for a default judgment pursuant to Rule 55, A.R.Civ.P., and the trial court entered a default judgment for Jones. Baker then moved, under Rule 55(c), to set aside that default judgment, supporting his motion with an affidavit stating that after being served with the complaint he had had numerous conversations with Jones's counsel in an effort to settle the matter. After an ore tenus proceeding, the trial court denied Baker's motion. He then moved to set aside the judgment under Rule 60, A.R.Civ.P., alleging that Jones was not the real party in interest because there had been no evidence of an assignment of the note by Friday, Inc., to Jones. The trial court denied that motion and Baker appeals.
Baker argues that the trial court erred in failing to set aside the default judgment and thereby give Baker the opportunity to have a hearing and to challenge whether Jones was the real party in interest in the case.
It is well established that the decision to grant or deny a motion to set aside a default judgment is discretionary with the trial court and that the court's ruling on such a motion will not be disturbed absent an abuse of this discretion.DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala. 1990). When exercising its discretion, the trial court should begin with the presumption that cases should be decided on the merits whenever practicable. Kirtland v. Ft. Morgan Authority SewerServ., Inc., 524 So.2d 600 (Ala. 1988).
To support a motion to set aside a default judgment, the defaulting party must produce evidence of a meritorious defense that indicates that the case could be decided differently if tried on the merits and thus justifies reopening the case so that justice can be done. Kirtland. A defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the movant or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.Kirtland. The allegations set forth to establish the defense must be more than bare legal conclusions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible evidence. Kirtland.
In his second motion to set aside the default judgment, Baker alleged as follows:
 "The judgment is void on its face in that the Plaintiff's complaint is filed in the name of Sylvia Jones. The note and mortgage in question and sued upon was granted to Friday, Inc., a corporation, [and not] to Plaintiff, Sylvia Jones. Sylvia Jones is not the real party in interest nor is she the correct party and she does not own the note and mortgage."
Baker's conclusion, if proven at trial, would comprise a complete defense to the action against him; however, he failed to submit any factual basis for his claims. The record contains no affidavits or supporting evidence to substantiate the bare legal conclusion that Sylvia Jones did not own the note and mortgage. In his pleading, Baker merely based his conclusions on the fact that Jones herself had not offered evidence to show that her corporation, Friday, Inc., had assigned the note to her; however, Baker never questioned the assignment and never raised this issue until he filed his second motion to set aside the default judgment. It is the burden of the movant, not the opposing party, to provide a "definite recitation of facts" to support the movant's conclusions of law. Kirtland. The movant must first support his own conclusions with facts before the burden shifts to the opposing party to offer evidence in rebuttal. In this case, Baker failed to provide the facts necessary to establish a meritorious defense.
Baker argues that the trial court did not have jurisdiction over Jones and that the judgment is therefore void. Baker points out that Jones, in her pleadings, did not set out facts to establish that Friday, Inc., had assigned the note to her; however, the record contains documents that Jones filed in response to Baker's motion to set aside *Page 452 
the default judgment, and those documents show that the assignment did indeed take place.
We therefore find no error in the refusal to set aside the default judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.