On June 17, 1993, Brenda Murrell Wright ("Wright"), individually, and as parent and next friend of Meosha Wright and Cleosha Wright, minors, filed a complaint against Dayartra C. Ethridge ("Ethridge"), Veronica L. Jackson ("Jackson"), and Brendalyn Bradford ("Bradford"). Wright's children were passengers in Ethridge's vehicle when a vehicle operated by Jackson and owned by Bradford collided with Ethridge's vehicle. The complaint alleged that the defendants negligently *Page 819 
and/or wantonly operated their vehicles, resulting in injury to the minors and causing them to suffer great physical pain and anguish. The complaint also alleged that the minors incurred medical expenses as a result of the collision and that they will continue to suffer in the future as a result of the injuries they sustained in the collision.
On August 27, 1993, Wright applied for a default judgment against Bradford. The trial court entered the requested judgment of default. Wright then filed both an alias summons with a copy of the complaint against Ethridge and a motion for appointment of a process server. The "Order for Service and Return" was filed in the Jefferson Circuit Court and contained the signature of the process server, certifying that he had personally delivered a copy of the summons and complaint to Ethridge.
On November 19, 1993, Wright applied for a default judgment against Ethridge. The trial court entered an order setting the motion for a hearing and also dismissed Jackson for lack of service. Following a hearing on the motion for default judgment, the trial court entered a judgment on July 7, 1995. In its judgment, the trial court found against Ethridge and Bradford and in favor of Wright in the amount of $4,000. The trial court also entered a default judgment that same day against Ethridge and Bradford in favor of each minor in a total amount of $1,000.
On September 19, 1995, Ethridge filed an Ala. R. Civ. P. Rule 60(b) motion to set aside the judgment of default.[1] In her motion, Ethridge alleged that she had not been properly served and that she had a meritorious defense to the action. The trial court conducted a hearing on the motion on November 7, 1995. Following the hearing, the trial court entered an order finding that Ethridge had been properly served with the summons and complaint, and, therefore, it denied the motion to set aside the default judgment. Ethridge appeals the denial of that motion. We affirm.
We review the trial court's denial of Ethridge's Rule 60(b) motion under the abuse of discretion standard. Erickson v. EFS,Inc., 668 So.2d 854, 856 (Ala.Civ.App. 1995). Because Ethridge requested that a default judgment be set aside, the trial court was required to consider both whether Ethridge had established Rule 60(b) grounds to set aside the judgment and whether she had met the standards for setting aside default judgments so clearly explained by our supreme court in Kirtland v. FortMorgan Auth. Sewer Serv., Inc., 524 So.2d 600, 60508 (Ala. 1988). See DaLee v. Crosby Lumber Co., 561 So.2d 1086,1091 (Ala. 1990). According to the supreme court, Ethridge was required not only to establish a meritorious defense as described in Kirtland, but also to "demonstrate the ground under Rule 60(b) justifying relief from the final judgment."DaLee, 561 So.2d at 1091. Therefore, if Ethridge failed to establish the grounds for relief raised in her Rule 60(b) motion, the trial court did not abuse its discretion in denying her motion, regardless of whether she was able to satisfy theKirtland standards.
Although Ethridge did not specify in her motion exactly which of the Rule 60(b) grounds she relied upon, we find it apparent that Ethridge was proceeding under Rule 60(b)(4), arguing that the judgment was void for lack of service. The trial court held a hearing on the issue of whether Ethridge had been properly served, and it decided that she had been. After a review of the evidence contained in the record, we agree.
An individual must be served by "serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(c), Ala. R. Civ. P. Under Alabama law, strict compliance with the rules governing service of process is required. Aaron v. Aaron, 571 So.2d 1150 (Ala.Civ.App. 1990). *Page 820 
For Ethridge to have been properly served, then, the process server had to either (1) serve her in person, (2) leave the process papers at her dwelling house or usual place of abode with a person of suitable age or discretion residing there with her, or (3) deliver the process papers to a person authorized by appointment or by law to receive service for her.
The process server never testified that he served Ethridge personally. Therefore, he had only two alternatives to perfect service. He was required either to serve the process papers at Ethridge's dwelling house or usual place of abode or serve a person authorized to receive service for Ethridge.
On the "Order for Service and Return" contained in the record, the process server certified that he served the complaint on Ethridge at 711 18th Street in Birmingham. Ethridge's home address is 827-F Tyler Circle in Hoover. Clearly, the process server did not perfect service by leaving the process papers at Ethridge's dwelling house or place of abode. The only alternative left for the process server would be service on a person authorized to receive service.
In the Rule 10(d) statement of evidence, the trial court stated that the evidence before it at the hearing on the motion to set aside the default judgment was (1) that the process server had determined that Ethridge worked for her stepfather; (2) that he went to the stepfather's place of business at 711 18th Street in Birmingham; (3) that he spoke with the stepfather; (4) that he spoke with Ethridge on the telephone; and (5) that, with Ethridge's verbal permission, he left the process papers with the stepfather. In addition, the trial court's statement of the evidence indicates that Ethridge denied having spoken with the process server.
The trial court, as the finder of fact, is required to resolve conflicts in the evidence. Sullivan, Long Hagerty,Inc. v. Goodwin, 658 So.2d 493, 496 (Ala.Civ.App. 1994). In the present case, the trial court heard the testimony of both Ethridge and the process server, and it determined that the process server's testimony was more believable than that of Ethridge. The trial court found that Ethridge gave verbal permission for the process server to leave the process papers with her stepfather and, therefore, that the stepfather was authorized to accept service. Because the trial court's determination that Ethridge was properly served under Rule 4(c) was based upon ore tenus testimony, its holding cannot be overturned unless it is unsupported by the evidence. Goodwin, 658 So.2d at 496. We find that the evidence presented supports the trial court's holding on this issue, and, therefore, hold that the trial court did not abuse its discretion by denying Ethridge's motion.
Because of Ethridge's failure to establish that the judgment was void and should be set aside under Rule 60(b)(4), we pretermit any discussion of whether she presented sufficient evidence of a meritorious defense to the action or satisfied the other Kirtland factors.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
[1] Although Ethridge was requesting that a default judgment be set aside, Rule 55(c) was not available to her because the motion was filed later than 30 days after entry of the default judgment.