On Application for Rehearing

CRAWLEY, Judge.
This court’s November 7, 1997, order of affirmance without opinion, issued pursuant to Rule 53, Ala. R.App. P., is withdrawn, and the following opinion is substituted therefor.
On October 15, 1996, Haman, Inc., sued Advance Carpet Systems, Inc. (“Advance”), alleging that Advance had breached its express and implied warranties by providing Haman with goods that were of poor quality. Advance did not answer the complaint within 30 days. Haman applied for entry of default on November 26, 1996; the clerk entered a default against Advance on that same day. Dean Puryear, a representative of Advance, had written a letter to counsel for Haman, dated November 22, 1996, which was filed with the circuit clerk on December 3, 1996. The trial court set a hearing for the entry of default judgment and a determination of damages. Although it received notice of the hearing, Advance did not appear. On March 31, 1997, the trial court entered a judgment for Haman in the amount of $39,274.52. Advance retained counsel and, on April 7, 1997, filed a motion to set aside the default judgment under Rule 55(c), Ala. R. Civ. P. After a hearing, the trial court denied that motion. Advance appeals. We affirm.
Rule 55(c) reads, in pertinent part, “The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.” Because the rule itself gives little guidance regarding when a trial court should or should not grant a motion to set aside a default judgment, our supreme court has developed a three-part test for the trial court, and the appellate court on review, to apply to those situations. See Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605-08 (Ala.1988). The trial court must first determine whether the defendant has demonstrated a meritorious defense to the action. Kirtland, 524 So.2d at 605. Second, the trial court must consider whether the plaintiff would be unfairly prejudiced if the default judgment was set aside. Id. Third, the trial court must consider whether the default judgment was the result of the defendant’s own culpable conduct. Id. We must determine whether the trial court abused its discretion when it denied Advance’s motion to set aside the default judgment. Id. at 603.
Advance argues that the trial court, which referred to the Rule 55(e) motion as a motion under Rule 59, Ala. R. Civ. P., failed to apply the Kirtland factors and that we must reverse the denial of the Rule 55(e) motion. In support of its argument, Advance sites White v. Westmoreland, 680 So.2d 348 (Ala.Civ.App.1996), and CHO Real Estate Holding, Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App.1996), both of which stand for the proposition that the denial of a Rule 55(c) motion must be reversed if nothing in the record indicates that the trial court considered the Kirtland factors. However, both White and Wyatt involved Rule 55(c) motions that were denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Although the trial court incorrectly referred to Advance’s Rule 55(e) motion as a Rule 59 motion, the record clearly reflects that it did apply at least one of the Kirtland factors.
As it states on the record, the trial court found that Advance’s failure to attend the default hearing after receiving notice was evidence of culpable conduct. Although negligence, by itself, is insufficient to establish culpable conduct under Kirtland, intentional nonresponsiveness is sufficient. Kirtland, 524 So.2d at 607-08. The Kirtland court noted that “a defaulting party’s reasonable explanation for inaction and [nonresponsiveness] may preclude a finding of culpability.” Id. at 608. However, as the trial court found, Advance had no reasonable explanation for failing to appear at the default hearing. Although we agree with Advance’s argument that, when exercising its discretion under Rule 55(c), the trial court must start with the presumption that cases should be decided on the merits and should favor the setting aside of default judgments, see id. at 604, a defaulting party’s culpable conduct “militates against an exercise of discretion in favor of the defaulting party.” Id. at 608. *1250 In light of Advance’s failure to put forth a reasonable explanation for its failure to respond and its failure to appear, we conclude that the trial court did not abuse its discretion in denying Advance’s motion to set aside the default judgment. Therefore, the trial court’s judgment is affirmed.
ORDER OF NOVEMBER 7,1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.