John Perkins III and Johnetta Perkins sued Willie Pearl Sawyer and her brother, *Page 433 
Cova Sawyer, to establish a boundary line between their respective properties. The Sawyers retained an attorney, answered the complaint, and conducted discovery. The case was set for trial in January 1997 and again for trial in April 1997; it was continued both times by agreement of the parties. The Sawyers' attorney withdrew in August 1997, approximately one month before the September 2, 1997, trial date.
The case was called for trial on September 2, 1997. The Sawyers failed to appear at the trial, and a default judgment was entered against them. When they received notice of the default judgment, they rehired their attorney and, pursuant to Rule 55, Ala. R. Civ. P., moved to set the default judgment aside. The trial court denied the motion. The Sawyers appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Rule 55(c) reads, in pertinent part: "The court may also set aside a judgment of default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." Because the rule itself gives little guidance regarding when a trial court should or should not grant a motion to set aside a default judgment, our supreme court has developed a three-part test for the trial court, and the appellate court on review, to apply to those situations. See Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600, 605-08 (Ala. 1988). The trial court must first determine whether the defendant has demonstrated a meritorious defense to the action.Kirtland, 524 So.2d at 605. Second, the trial court must consider whether the plaintiff would be unfairly prejudiced if the default judgment was set aside. Id. Third, the trial court must consider whether the default judgment was the result of the defendant's own culpable conduct. Id. When exercising its discretion under Rule 55(c), the trial court must start with the presumption that cases should be decided on the merits and it should favor the setting aside of default judgments. Id. at 604. Our standard of review in this case is whether the trial court abused its discretion when it denied the Sawyers' motion to set aside the default judgment. See id. at 603.
The trial court held a hearing on the Sawyers' motion to set aside the default judgment. At the hearing the parties stipulated, and the trial court found, that the Sawyers had a meritorious defense to the action. The Perkinses presented no evidence indicating that they would suffer unfair prejudice if the default was set aside. The trial court stated that the hearing was limited to evidence concerning the Sawyers' notice of the trial date.
Cova Sawyer testified that he does not have a street address or a post office box in his name at which he receives mail. He testified that he received mail at his sister's post office box. He denied ever having received notice of the trial date from the clerk of the court. He testified that John Perkins spoke with him before the court date about settling the case. According to Cova Sawyer, he understood from Perkins that the case had been settled and that he would be contacted by Perkins's attorney regarding the settlement. He admitted that he did not at any time check with the court clerk regarding a court date.
Willie Pearl Sawyer testified that, although she lives at 9443 Highway 42 in Shelby, Alabama, she does not receive her mail at that address. Instead, she said, she receives her mail at a post office box. She admitted that she received some notice from someone about the court date. However, she testified that she received this notice on September 3, 1997, the day after the court hearing. She was unclear about whether the notice she received was from the court clerk or from her attorney.
The case action summary sheet reflects that notices of the court date were sent to Willie Pearl Sawyer's street address, at which there is no mail receptacle, and to her post office box. The case action summary sheet does not reflect that either of those notices was returned.
The trial court's order merely states that the motion to set aside the default is denied. It does not state any factual findings or the reason for the denial. However, in light of the court's comments at the hearing limiting *Page 434 
the evidence at the hearing to that concerning notice, we presume that the trial court found that the Sawyers had notice of the court date.
We must decide whether the mere fact that the Sawyers failed to appear, despite having notice of the court date, is a sufficient basis on which to deny a motion to set aside a default judgment. Such a finding could be related only to a determination of whether the Sawyers' conduct was culpable. Negligence by itself is insufficient to establish culpable conduct under Kirtland. Id. at 607-08. In Kirtland, the supreme court explained that culpable conduct is conduct committed willfully or in bad faith. Id. at 607. Such conduct is "characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness." Id. at 608; see also Jonesv. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 615-16 (Ala. 1988) (explaining that a default judgment is an appropriate sanction for those who flout the authority of the court). TheKirtland court noted that "a defaulting party's reasonable explanation for inaction and [nonresponsiveness] may preclude a finding of culpability." Kirtland, 524 So.2d at 608.
This case is unlike our recent case of Advance CarpetSystems, Inc. v. Haman, Inc., 716 So.2d 1248 (Ala.Civ.App. 1998), because in Haman the trial court found that Advance Carpet Systems, Inc. ("Advance"), had no reasonable explanation for failing to appear at the default hearing. Haman, 716 So.2d at 1249. Because Advance failed to put forth a reasonable explanation for its failure to respond and its failure to appear, the trial court found that its conduct was culpable.Haman, 716 So.2d at 1249. This court concluded that the trial court did not abuse its discretion in denying Advance's motion to set aside the default judgment because of the finding of culpable conduct. Haman, 716 So.2d at 1250.
The trial court made no finding that the Sawyers' failure to appear was culpable conduct. Nothing in the record convinces us that the Sawyers' failure to appear was in flagrant disregard of the court's authority or its rules; in fact, the Sawyers, like Kirtland, appear to have "acted neglectfully, but not in bad faith." See Kirtland, 524 So.2d at 608-09. Without a finding of culpable conduct, or clear evidence to support such a finding, see White v. Westmoreland, 680 So.2d 348
(Ala.Civ.App. 1996), we must reverse the trial court's judgment denying the motion to set aside the default judgment and remand this cause for the trial court to apply the Kirtland factors, specifically the culpable conduct factor, when determining whether to set aside the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.