YATES, Judge.
On April 7, 1997, Jim Tehranchi and Jesse Tehranchi sued TCI Cablevision of Alabama, Inc. (“TCI”), in the small claims court, alleging property damage, trespass, and harassment, and seeking $1,500, plus court costs. TCI’s area manager answered on April 22, 1997, disputing the claim. The district court, on June 20, 1997, entered a judgment for $50, plus costs, against TCI. The Tehranchis appealed to the circuit court. On July 17, 1997, attorneys Pat Clotfelter and Frederick Thurman filed in the circuit court a notice of appearance as counsel for TCI. On October 7, 1998, the circuit court entered a default judgment for $1,500, plus costs, in favor of the Tehranchis, after TCI had failed to appear for trial. Clotfelter and Thurman immediately moved to set aside the judgment, arguing that they had not received notice of the October 5, 1998, trial date; that TCI had a meritorious defense to the claims; and that, based on the analysis required under Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988), TCI should be given an opportunity to be heard on the merits of the case.
The court held a hearing on TCI’s motion on October 26, 1998; the court denied the motion to set aside the default judgment, stating in pertinent part:
“This writer finds that notice unequivocally went out to counsel for defendant. This writer has known counsel for defendant for some ten years and knows her to be a consummate officer of the court. Thus, counsel’s representation that she received no notice is without dispute.
“However, this is plaintiffs third visit to the courthouse and he has still not achieved his version of justice.”
TCI appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The record indicates the following facts: The dispute involves a driveway, owned by the Tehranchis, which adjoins a utility *521 easement owned by Alabama Power Company, BellSouth Telephone Company, and TCI. TCI uses the driveway to gain access to the utility easement so that it can make repairs and service its television cable lines. In June 1996, TCI responded to an inquiry by attorney Jeffrey Rowell regarding the Tehranchis’ property. TCI stated that it had been advised by the city clerk that its use of the driveway to access the utility easement was not considered trespassing on the Tehranchis’ property.
Our standard of review in this case is whether the trial court abused its discretion when it denied TCI’s motion to set aside the default judgment. In Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala.1990), our supreme court stated:
“The applicable standard of review in appeals arising from a trial court’s order granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion. Kirtland [supra]; Johnson v. Moore, 514 So.2d 1343 (Ala.1987). Although Rule 55(c) [Ala. R. Civ. P.] vests the trial judge with a considerable amount of discretion, a ruling on a Rule 55(c) motion must not be made without taking into consideration restrictions on the use of that discretion and by examining certain guidelines. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 613 (Ala.1988).”
Id. at 139-40. The trial court’s obligation to apply the Kirtland rule is articulated in Ex parte Gilliam, 720 So.2d 902 (Ala.1998):
“The Kirtland rule mandates that we begin with the presumption that cases should be decided on the merits whenever it is practicable to do so. Id. This presumption exists because the right to have a trial on the merits outweighs the need for judicial economy. Id. Second, the trial court must apply a three-factor analysis in deciding whether to grant a motion to set aside a default judgment. These factors are ‘(1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant’s own culpable conduct.’ ”
720 So.2d at 905, quoting Kirtland, 524 So.2d at 605. After reviewing the trial court’s final order, we conclude that the trial court failed to apply the Kirtland analysis in considering whether to grant TCI’s motion. We note the consideration the court gave to both TCI and the Teh-ranchis; however, this is an insufficient analysis under Kirtland. See also, Sawyer v. Perkins, 717 So.2d 432 (Ala.Civ.App.1998)(failure by defendant to appear for trial was not sufficient basis to deny motion to set aside; trial court’s judgment reversed and remanded with instructions to apply Kirtland factors). We, therefore, reverse the trial court’s judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.