In August 2000, Sara Loveless and Foy Loveless (the "grandparents") petitioned the trial court to find Christi Michelle Loveless Weldon Cobb (the "mother") in contempt, alleging that she had failed to pay child support in the amount of $18,000 and requesting that a child-support order be modified. The mother failed to answer. The grandparents filed for a default judgment, which the trial court entered. Thereafter, the mother, represented by counsel, moved to set aside the default judgment, pursuant to Rule 55(c), Ala.R.Civ.P., alleging that she had been misinformed and had mistakenly believed that she would be notified of a trial date and would be given time to retain counsel. She further alleged that she had a meritorious defense because, she said, the income figures used by the trial court in determining the amount of child support were incorrect. The trial court denied her motion, without explanation. She appealed.
Rule 55(c) reads, in pertinent part: "The court may also set aside a judgment of default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." Because the rule itself gives little guidance regarding when a trial court should or should not grant a motion to set aside a default judgment, our Supreme Court has developed a three-part test for the trial court, and an appellate court on review, to apply. See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600,605-08 (Ala. 1988). Under that test, the trial court must first determine whether the defendant has demonstrated a meritorious defense to the action. Kirtland, 524 So.2d at 605. Second, the trial court must consider whether the plaintiff would be unfairly prejudiced if the default judgment was set aside. Id. Third, the trial court must consider whether the default judgment was the result of the defendant's own culpable conduct. Id. When exercising its discretion under Rule 55(c), the trial court must start with the presumption that a case should be decided on the merits and it should favor the setting aside of a default judgment.Id. at 604.
The trial court denied the Rule 55(c) motion without giving any indication that it had considered the Kirtland factors. Therefore, we reverse the judgment and remand the cause for the trial court to consider the mother's motion in light of those factors. See CHO Real EstateHolding, Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App. 1996); and White v.Westmoreland, 680 So.2d 348 (Ala.Civ.App. 1996).
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Thompson and Pittman, JJ., concur.
Murdock, J., concurs in the result.