On Application for Rehearing
This court's opinion of May 24, 2002, is withdrawn and the following is substituted therefor.
Rachelle Smith sued Tyson Foods, Inc., on November 3, 1999, seeking to recover benefits under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, for three separate work-related injuries. Tyson Foods answered, asserting the statute of limitations as an affirmative defense. Discovery proceeded, and on April 26, 2000, Tyson Foods amended its answer, claiming that it should be permitted a setoff against any recovery based upon Smith's allegedly having refused suitable employment (see §25-5-57(e), Ala. Code 1975) and alleging additional defenses. On May 25, 2000, upon motion of Tyson Foods, the trial court issued an order directing the parties to mediate the claim before a Department of Industrial Relations ombudsman on or before July 31, 2000. Thereafter, on June 19, the trial court entered an order compelling the parties to mediate the claims on August 4, 2000. Also on June 19, Tyson Foods amended its answer a second time, adding a counterclaim. That counterclaim sought a judgment declaring that it would not incur liability under § 25-5-11.1, Ala. Code 1975, if it terminated Smith's employment pursuant to a company policy addressing excessive absences resulting from non-work-related injuries.
The trial court issued a notice on October 2, 2000, setting the case for trial on December 21, 2000. On October 20, 2000, Smith's attorney filed a motion to withdraw, alleging a breakdown in the attorney-client relationship.
On November 28, 2000, the trial court entered the following order: "On motion after hearing, the Court hereby severs[1] the motion for Declaratory Judgment from *Page 863 
the [Worker's] Compensation Claim and cases continued for result of mediation." This order was sent to all attorneys of record.
On December 8, 2000, the trial court granted the motion to withdraw filed by Smith's attorney. The trial court called the case for trial on December 21, 2000, and no one responded on Smith's behalf. On December 29, 2000, the trial court dismissed Smith's claims and entered a judgment in favor of Tyson Foods on its counterclaim.
On January 19, 2001, Smith, acting pro se, filed a motion to set aside the judgment dismissing her claims. On January 26, 2001, new counsel representing Smith filed a motion on her behalf seeking to set aside the judgment on her claims and on the counterclaim; that motion was supported by Smith's affidavit, in which Smith averred that she had not been represented by counsel on December 21, 2000, when her case was called for trial and that she had had no knowledge that a trial had been scheduled for that date. On February 12, 2001, the trial court denied the motion, citing as authority Rule 60, Ala. R. Civ. P.
Smith appeals, contending that the trial court abused its discretion in denying her motion to set aside the judgment. We agree.
Although the trial court cited Rule 60, Ala. R. Civ. P., as authority for denying Smith's motion, this court has held that motions seeking to set aside judgments that are filed within 30 days of the date on which the judgment being challenged was entered are properly construed as motions to set aside a default judgment pursuant to Rule 55(c), Ala. R. Civ. P. Englebert v.Englebert, 791 So.2d 975 (Ala.Civ.App. 2000). That portion of the trial court's judgment stating that Tyson Foods will not be liable for a retaliatory discharge if it terminates Smith's employment for excessive absences is properly viewed as a default judgment on Tyson Foods' counterclaim.
Our standard of review with respect a trial court's ruling on a motion to set aside a default judgment under Rule 55(c), Ala. R. Civ. P., is whether the court's ruling amounts to an abuse of discretion. The determination of whether the trial court has abused its discretion involves the application of a two-step process. In Sampson v. Cansler, 726 So.2d 632 (Ala. 1998), our Supreme Court observed:
 "In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
 "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis *Page 864 
in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605."
726 So.2d at 633.
A review of the trial court's judgment pertaining to the declaratory-judgment counterclaim of Tyson Foods does not indicate that the trial court considered either part of the two-step process described in Kirtland — particularly in light of the trial court's reference to Rule 60(b) as the basis of its judgment. Accordingly, we reverse that portion of the trial court's judgment consisting of a declaratory judgment as to Tyson Foods' policy allowing termination for excessive absences resulting from non-work-related injuries. On remand, the parties and the trial court should utilize the Kirtland analysis in addressing the issue whether a declaratory judgment should have been entered in favor of Tyson Foods by default. See Cobb v.Loveless, 807 So.2d 566 (Ala.Civ.App. 2001); TCI Cablevision ofAlabama, Inc. v. Tehranchi, 739 So.2d 519 (Ala.Civ.App. 1999);Sawyer v. Perkins, 717 So.2d 432, 433 (Ala.Civ.App. 1998).
With regard to the portion of the trial court's judgment dismissing Smith's workers' compensation claims, we construe that part of the trial court's judgment as being a sanction under Rule 41, Ala. R. Civ. P., for Smith's failure to appear at trial. The trial court's judgment was captioned as a "default judgment" and does not specifically refer to Rule 41. However, the text of the judgment reads, in pertinent part:
 "This matter having come before the Court for trial on the 21st day of December 2000 and the Plaintiff having failed to appear for trial, and the Plaintiff not being an infant or an unrepresented incompetent person and having failed to appear for trial, default judgment is hereby entered against Plaintiff and in favor of Defendant.
 "1. It is hereby ordered and adjudged that judgment is entered in favor of Defendant against the Plaintiff on the claims of Plaintiff and the claims of Plaintiff are dismissed."
It is well settled that pleadings and other filings are treated according to their substance, rather than their form or their captions. See Breaux v. Bailey, 789 So.2d 204 (Ala. 2000). Despite its caption as a "default judgment," the first portion of the trial court's judgment evidences an intent to sanction Smith pursuant to Rule 41(b) for having failed to appear at a scheduled trial to prosecute her claims.
The trial court's order dismissing Smith's claims does not specify whether the dismissal is with or without prejudice; therefore, the dismissal "operates as an adjudication upon the merits." Rule 41(b), Ala. R. Civ. P. The trial court's judgment, therefore, forever bars Smith from prosecuting her claims against Tyson Foods.
This court has held:
 "`The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at a trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.' Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App. 1985). However, `[d]ismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.' Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala. 1990) (quoting Selby v. Money, 403 So.2d 218, 220 (Ala. 1981))." *Page 865 
Goodley v. Standard Furniture Mfg. Co., 716 So.2d 226, 227
(Ala.Civ.App. 1998). See also Hodge v. R R Movers,716 So.2d 740 (Ala.Civ.App. 1998) (trial court erred in dismissing an action pursuant to Rule 41(b) where the plaintiff sought to set aside the dismissal on grounds that, at the time the case was dismissed, he was unrepresented and was actively seeking counsel and where he was unaware that a hearing had been scheduled).
In the present case, there is no evidence that Smith willfully or deliberately disregarded the trial court's order. Smith's attorney was given permission by the trial court to withdraw as her counsel 13 days before the scheduled trial date, and there is no evidence indicating that that attorney notified Smith that the trial had been set. Moreover, the trial court's order dated November 28, 2000, severing the workers' compensation claim from the declaratory-judgment counterclaim and continuing both cases
for the "result of mediation" was also of record at the time of the court's order allowing counsel for Smith to withdraw. The order lends itself to a reasonable interpretation that trials on both the workers' compensation claim and the declaratory-judgment counterclaim would be continued pending further notice from the court (i.e., upon receipt of the results of the mediation). In light of Smith's lack of counsel and the confusion surrounding the trial court's conflicting orders concerning whether a trial remained scheduled for December 21, 2000, we conclude that Smith did not act unreasonably in failing to be present in court on December 21, 2000. Cf. Thompson v. Williams, 752 So.2d 525
(Ala.Civ.App. 1999).
We conclude, therefore, that the trial court abused its discretion, both in dismissing Smith's workers' compensation claims with prejudice and in entering a declaratory judgment by default in favor of Tyson Foods on its counterclaim against Smith. Therefore, that court's judgment is due to be reversed and the cause remanded for further proceedings.
OPINION OF MAY 24, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] It is unclear from the record whether the trial court intended, by using the term "severs," to truly sever the claims in the manner authorized by Rule 21, Ala. R. Civ. P. (separating the claims into entirely independent actions so as to necessitate separate judgments), or whether the trial court instead intended only to create separate trials as authorized by Rule 42(b), Ala. R. Civ. P. See generally Key v. Robert M. Duke Ins. Agency,340 So.2d 781 (Ala. 1976). However, whether the trial court intended to sever the claims or merely to order separate trials does not affect the outcome of this appeal.