James Michael Campbell ("the husband") appeals from the order denying his motion to set aside a default judgment entered after he failed to answer a divorce complaint filed by his wife, Sandra Lee Campbell ("the wife"). We reverse and remand with instructions.
On January 3, 2002, the wife sued the husband for a divorce. Although the husband was served with the summons and complaint on January 18, 2002, the husband did not file an answer to the complaint or otherwise respond. The wife moved for a default judgment on June 24, 2002. On June 28, 2002, the trial court entered a divorce judgment based upon the husband's default. The judgment awarded the wife a substantial portion of the marital assets and alimony in the amount of $11,000 per month. The judgment also awarded custody of the couple's permanently disabled minor child to the wife and ordered the husband to pay $3,180 per month in child support.
On July 25, 2002, the wife moved the trial court to alter or amend the judgment to clarify the wording of a provision. The trial court granted this motion on July 31, 2002.
On August 30, 2002, the husband filed a motion to set aside the default judgment. In his motion, the husband alleged that "he was in no state of mind to properly defend himself or realize the legal implications of not filing an [a]nswer at the time he was served with the [s]ummons and [c]omplaint." The husband's motion stated that he had undergone inpatient treatment for alcohol abuse and depression from November 19, 2001, to December 24, 2001, and that he had continued outpatient treatment for those conditions through February 2002. In support of his motion, the husband submitted affidavits from Dr. John McMillan, a psychologist who had been treating him for depression, and Celia Cantor, a licensed professional counselor who had been treating him for depression, anxiety, and adjustment disorders.
On October 31, 2002, the trial court held a hearing on the husband's motion. Although *Page 1290 
the trial court did not rule on the motion at that hearing, the parties, pursuant to Rule 59.1, Ala. R. Civ. P., consented on the record to extend the 90-day period for ruling on the husband's motion.
On December 5, 2002, the trial court held an evidentiary hearing on the husband's motion. At this hearing, Dr. McMillan and Ms. Cantor testified about the husband's medical condition and his capacity to respond to the action after the wife had filed for divorce. The trial court subsequently instructed the parties to submit affidavits on the issue of whether the division of marital assets was equitable, and the parties did so.
On December 19, 2003, the trial court ruled on the husband's motion to set aside the default judgment. The order stated that "the Court has considered [the motion to set aside the default judgment], as well as supplemental pleadings filed by both parties in this matter, and has determined that the Defendant's Motion is due to be denied."
On appeal, the husband argues that his motion to set aside the default judgment was either a timely filed Rule 55(c), Ala. R. Civ. P., motion or a timely filed Rule 60(b), Ala. R. Civ. P., motion and that the trial court abused its discretion in denying the motion. Rule 55(c) provides that a court "may . . . set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment." The husband argues that his motion was timely under Rule 55(c) because it was filed within 30 days after July 31, 2002, the date the trial court amended the divorce judgment. However, this argument has no merit. The husband's motion was tardy under Rule 55(c) because it was not filed within 30 days after the entry of the original default judgment on June 28, 2002. See InsuranceMgmt. Admin. v. Palomar Ins. Corp., 590 So.2d 209 (Ala. 1991).
However, the husband's motion was a timely filed Rule 60(b) motion because it was filed within four months of the entry of the default judgment. See Rule 60(b), Ala. R. Civ. P.; Rule 55, Ala. R. Civ. P., Committee Comments on 1973 Adoption (Rule 60 becomes available when more than 30 days have passed since the entry of the judgment of default); see also Ex parte King,776 So.2d 31 (Ala. 2000). In effect, the husband's motion alleged "excusable neglect," one of the grounds for relief under Rule 60(b)(1).
In considering whether to grant a Rule 60(b)(1) motion to set aside a default judgment, a trial court must not only consider whether the defendant has established excusable neglect, but it also must apply the factors outlined in Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988).[1] See Rooney v. Southern Dependacare, Inc.,672 So.2d 1 (Ala. 1995); and DaLee v. Crosby Lumber Co.,561 So.2d 1086 (Ala. 1990).
 "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. . . . Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the *Page 1291 
defendant's own culpable conduct.' Kirtland, 524 So.2d at 605."
Sampson v. Cansler, 726 So.2d 632, 633 (Ala. 1998). (emphasis added).
The order denying the husband's motion to set aside the default judgment in the case now before us does not affirmatively indicate that the trial court considered the Kirtland factors. Accordingly, we reverse that order and remand the case with instructions to the trial court to consider the Kirtland
factors in determining whether to set aside the default judgment.Smith v. Tyson Foods, Inc., 884 So.2d 861 (Ala.Civ.App. 2003);Cobb v. Loveless, 807 So.2d 566 (Ala.Civ.App. 2001); TCICablevision of Alabama, Inc. v. Tehranchi, 739 So.2d 519
(Ala.Civ.App. 1999); Sawyer v. Perkins, 717 So.2d 432
(Ala.Civ.App. 1998); and White v. Westmoreland, 680 So.2d 348
(Ala.Civ.App. 1996). This holding pretermits the other issues raised by the husband.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., concurs.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result, without writing.
[1] "Although Kirtland involved a Rule 55(c) motion to set aside a default judgment, we also apply the Kirtland analysis to Rule 60(b) motions to set aside default judgments." Sampsonv. Cansler, 726 So.2d 632, 633 (Ala. 1998).
 *Page 185