72 So.3d 682 (2011)
Jeffery K. JARRETT
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION.
2090709.
Court of Civil Appeals of Alabama.
May 6, 2011.
*683 Kenneth J. Lay of Legal Services Alabama, Inc., Birmingham; and Rhonda Steadman Hood of Stirling & Hood, Birmingham, for appellant.
Greggory M. Deitsch, R. Ryan Daugherty, and Joshua L. Hornaday of Sirote & Permutt, P.C., Birmingham, for appellee.
THOMPSON, Presiding Judge.
Federal National Mortgage Association ("FNMA") filed an action against Jeffery K. Jarrett seeking possession of certain premises occupied by Jarrett. In its complaint, FNMA alleged that its predecessor in interest had entered into a mortgage-loan contract with Jarrett, that FNMA had foreclosed on the mortgage, and that, although it had served Jarrett with a written demand for possession of the subject property, Jarrett had failed or refused to vacate the property. The record indicates that the complaint was served on Jarrett on December 7, 2009. Jarrett did not answer the complaint, and on January 27, 2010, FNMA moved for the entry of a default judgment. On January 29, 2010, the trial court granted FNMA's motion, entered a default judgment in favor of FNMA, and issued a writ of possession in favor of FNMA.
On February 12, 2010, Jarrett filed a motion pursuant to Rule 55(c), Ala. R. Civ. P., in which he sought to set aside the default judgment. In that motion, Jarrett alleged that he believed certain facts existed that, if proven, would constitute a meritorious defense to FNMA's claim, and he alleged that he had a mental disability that prevented him from being able to properly understand the significance of the action taken against him. The trial court summarily denied Jarrett's Rule 55(c) motion on February 22, 2010.
On March 15, 2010, after a writ of execution had been entered in favor of FNMA, Jarrett filed an emergency motion seeking a stay of execution of the January 29, 2010, default judgment; he also moved the court to appoint a guardian ad litem to represent him. Also on March 15, 2010, Jarrett filed a motion titled "motion to alter, amend, or vacate denial of motion to set aside default judgment." In that motion, Jarrett argued that he suffered from a mental disability and was incompetent to manage his financial obligations and legal matters. Based on those allegations, Jarrett alleged that the trial court's January 29, 2010, default judgment was void for want of subject-matter jurisdiction; specifically, he argued that a judgment entered against an incompetent person is void. We note that the substance of a motion, rather than its title, governs how a motion is interpreted. Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996); Ex parte Johnson, 707 So.2d 251, 253 (Ala.Civ.App. 1997). In this case, given the nature of the allegations in Jarrett's March 15, 2010, motion, we interpret that motion as one seeking relief from the default judgment pursuant to Rule 60(b), Ala. R. Civ. P. See Weaver v. Weaver, 4 So.3d 1171, 1172 (Ala. *684 Civ.App.2008) (interpreting a "motion to strike" a judgment on the basis of a want of jurisdiction as a motion made pursuant to Rule 60(b)(4), which provides for relief from a void judgment).
On April 5, 2010, while the Rule 60(b) motion was still pending before the trial court, Jarrett timely appealed the trial court's denial of his Rule 55(c) motion. We note that the record on appeal indicates that, while Jarrett's appeal was pending in this court, the trial court conducted an ore tenus hearing on the Rule 60(b) motion; that hearing focused on the matter of Jarrett's competency. The trial court denied the Rule 60(b) motion, finding that Jarrett was competent at the time FNMA's complaint was served upon him. Jarrett did not appeal the denial of the Rule 60(b) motion; this appeal concerns only the denial of his Rule 55(c) motion to set aside the default judgment.
It is within the trial court's discretion to grant a timely filed motion filed pursuant to Rule 55(c) seeking to set aside a default judgment. Rule 55(c), Ala. R. Civ. P. "That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits." Zeller v. Bailey, 950 So.2d 1149, 1152 (Ala.2006).
Our supreme court set forth guidelines for a trial court to consider in balancing those interests, stating:
"[A] trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct."
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 605 (Ala.1988). "[O]ur Supreme Court has referred to the Kirtland analysis as a process in which the trial court is called upon to `balance the equities,' 524 So.2d at 605, and has emphasized the paramount importance of affording litigants an opportunity to attain an adjudication on the merits." Sumlin v. Sumlin, 931 So.2d 40, 48 (Ala.Civ.App. 2005).
In exercising its discretion, the trial court should presume that the action should be decided on the merits, rather than by a default judgment:
"First, when exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3rd Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala. 1987); Elliott v. Stephens, [399 So.2d 240 (Ala.1981) ]; Oliver v. Sawyer, 359 So.2d 368 (Ala.1978); Knight v. Davis, 356 So.2d 156 (Ala.1978). We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court's discretion in favor of setting aside default *685 judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person's right to defend himself in a civil action to which he is a party, elucidates this state's commitment to protect an individual's right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d at 604-05. See also Sanders v. Weaver, 583 So.2d 1326, 1328 (Ala.1991) ("Although Rule 55(c), [Ala.] R. Civ. P., vests the trial court with discretion in ruling on a Rule 55(c) motion, Article I, §§ 6, 10, and 13, of the Alabama Constitution of 1901 requires that a trial court exhibit a large and liberal discontent against adjudication of rights by default."); Sumlin v. Sumlin, 931 So.2d at 49 ("In reviewing trial-court decisions denying relief from default judgments, we must take care not to abdicate our responsibility as an appellate court to ensure that trial courts, within the discretion afforded them, are fairly balancing the equities in such cases and preserving the `strong bias' in favor of deciding cases on their merits.").
In addition to other matters, Jarrett's Rule 55(c) motion alleged that Jarrett was mentally disabled, that he was mentally disabled at the time of the execution of the mortgage, and that, as a result of his disability, he had not understood the effects of FNMA's action against him or the "necessary action required of him to respond and protect himself."[1] In this case, the trial court denied Jarrett's Rule 55(c) motion without conducting a hearing or indicating that it had considered the Kirtland factors. This court has reversed a trial court's judgment denying a Rule 55(c) motion when the record fails to demonstrate that the trial court considered the factors set forth in Kirtland. CHO Real Estate Holding, Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App.1996); White v. Westmoreland, 680 So.2d 348 (Ala.Civ.App. 1996). Given the facts of this case, we reverse the judgment and remand the cause for the trial court to consider Jarrett's motion in light of the Kirtland factors. Cobb v. Loveless, 807 So.2d 566 (Ala. Civ.App.2001); see also Thibodeau v. Thibodeau, 10 So.3d 592 (Ala.Civ.App.2008); Campbell v. Campbell, 910 So.2d 1288 (Ala. Civ.App.2005).
We note that the trial court's ruling on Jarrett's Rule 60(b) motion does not render the issues raised in this appeal moot. In ruling on that motion, the trial court made a finding pertaining only to Jarrett's competency; it did not address the Kirtland factors in that ruling.
Jarrett also argues that the trial court erred in failing to appoint a guardian ad litem to represent him. However, the trial court did not rule on the motion to appoint a guardian ad litem, and, therefore, *686 there is no adverse ruling that this court may consider upon appeal. Further, Rule 17(c), Ala. R. Civ. P., which sets forth the law with respect to the appointment of a guardian ad litem, provides, in pertinent part: "The court shall appoint a guardian ad litem ... (2) for an incompetent person not otherwise represented in an action and may make any other orders it deems proper for the protection of the ... incompetent person." We note that the trial court, in ruling on the Rule 60(b) motion, determined that Jarrett was not incompetent. We cannot say that Jarrett has demonstrated error with regard to this argument.
REVERSED AND REMANDED.
PITTMAN and BRYAN, JJ., concur.
THOMAS, J., dissents, with writing, which MOORE, J., joins.
THOMAS, Judge, dissenting.
I respectfully dissent from the reversal of the trial court's judgment denying Jeffery K. Jarrett's motion to set aside the default judgment. In his Rule 55(c), Ala. R. Civ. P., motion to set aside the default judgment, Jarrett stated that Federal National Mortgage Association had represented that it had purchased Jarrett's property at a properly conducted foreclosure sale and that it therefore had the right to seek ejectment of Jarrett from the property. Jarrett then alleged that "[i]t is anticipated that the documents regarding this mortgage subject of this litigation will reveal that they do not properly convey the subject mortgage" and that Jarrett "believes he can prove" that the foreclosure sale was wrongful and that the foreclosing entity lacked standing. Jarrett then states in his motion that, "[i]f Federal National Mortgage Association did not have the right to possession at the time the suit was brought, then the court lacked subject matter jurisdiction to make any judgment against [Jarrett] regarding his property and the entry of default of January 29, 2010 is void." I do not agree with the main opinion that the trial court's denial of Jarrett's motion violates the procedure set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988).
As our supreme court explained in Baker v. Jones, 614 So.2d 450, 451 (Ala.1993):
"To support a motion to set aside a default judgment, the defaulting party must produce evidence of a meritorious defense that indicates that the case could be decided differently if tried on the merits and thus justifies reopening the case so that justice can be done. Kirtland. A defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the movant or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury. Kirtland. The allegations set forth to establish the defense must be more than bare legal conclusions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible evidence. Kirtland."
The defaulting party in Baker had filed a motion to set aside a default judgment in which he had alleged:
"`The judgment is void on its face in that the Plaintiff's complaint is filed in the name of Sylvia Jones. The note and mortgage in question and sued upon was granted to Friday, Inc., a corporation, [and not] to Plaintiff, Sylvia Jones. Sylvia Jones is not the real party in interest nor is she the correct *687 party and she does not own the note and mortgage.'"
Baker, 614 So.2d at 451. Our supreme court rejected this allegation as being insufficient under Kirtland to establish a meritorious defense. Id. The Baker court stated:
"Baker's conclusion, if proven at trial, would comprise a complete defense to the action against him; however, he failed to submit any factual basis for his claims. The record contains no affidavits or supporting evidence to substantiate the bare legal conclusion that Sylvia Jones did not own the note and mortgage. In his pleading, Baker merely based his conclusions on the fact that Jones herself had not offered evidence to show that her corporation, Friday, Inc., had assigned the note to her; however, Baker never questioned the assignment and never raised this issue until he filed his second motion to set aside the default judgment. It is the burden of the movant, not the opposing party, to provide a 'definite recitation of facts' to support the movant's conclusions of law. Kirtland. The movant must first support his own conclusions with facts before the burden shifts to the opposing party to offer evidence in rebuttal. In this case, Baker failed to provide the facts necessary to establish a meritorious defense."
Id.
More recently, our supreme court has again reiterated the requirement that "the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors." Carroll v. Williams, 6 So.3d 463, 467 (Ala.2008). Although the defaulting party in Carroll had also failed to establish a lack of prejudice to the defendant and a lack of his own culpable conduct, the court did state that "Carroll's assertion that he has a meritorious defense to Williams's claim is nothing more than a bare legal conclusion unsupported by affidavit or other evidence." Carroll v. Williams, 6 So.3d at 468. Despite the fact that Carroll's Rule 55(c) motion had been denied by operation of law, the Carroll court determined that Carroll's failure to meet his initial burden under Kirtland obviated the need for the trial court to have held a hearing. Id.
Because of our supreme court's decisions in Carroll and Baker, I cannot agree with the main opinion that the trial court's denial of Jarrett's motion to set aside the default judgment should be reversed. I do not think that Jarrett satisfied his initial burden under Kirtland. Because the Carroll court determined that a denial of a motion to set aside a default judgment by operation of law may be affirmed when the defaulting party fails to meet his or her initial burden under Kirtland, I would affirm the trial court's denial of Jarrett's motion.
MOORE, J., concurs.
NOTES
[1] The Rule 55(c) motion states, in part:

"[Jarrett] has is [sic] disabled due to mentally retardation as that term is defined by [§ ] 12.05 of [sic] the Social Security Disability Evaluation. For that reason, [Jarrett] has been deemed disabled by the Social Security Administration and has been disabled at all times pertinent to this mortgage made the basis of this [action]."