THOMAS, Judge,
dissenting.
I respectfully dissent from the reversal of the trial court’s judgment denying Jeffery K. Jarrett’s motion to set aside the default judgment. In his Rule 55(c), Ala. R. Civ. P., motion to set aside the default judgment, Jarrett stated that Federal National Mortgage Association had represented that it had purchased Jarrett’s property at a properly conducted foreclosure sale and that it therefore had the right to seek ejectment of Jarrett from the property. Jarrett then alleged that “[i]t is anticipated that the documents regarding this mortgage subject of this litigation will reveal that they do not properly convey the subject mortgage” and that Jarrett “believes he can prove” that the foreclosure sale was wrongful and that the foreclosing entity lacked standing. Jarrett then states in his motion that, “[i]f Federal National Mortgage Association did not have the right to possession at the time the suit was brought, then the court lacked subject matter jurisdiction to make any judgment against [Jarrett] regarding his property and the entry of default of January 29, 2010 is void.” I do not agree with the main opinion that the trial court’s denial of Jarrett’s motion violates the procedure set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988).
As our supreme court explained in Baker v. Jones, 614 So.2d 450, 451 (Ala.1993):
“To support a motion to set aside a default judgment, the defaulting party must produce evidence of a meritorious defense that indicates that the case could be decided differently if tried on the merits and thus justifies reopening the case so that justice can be done. Kirtland. A defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the movant or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury. Kirtland. The allegations set forth to establish the defense must be more than bare legal conclusions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible evidence. Kiriland.”
The defaulting party in Baker had filed a motion to set aside a default judgment in which he had alleged:
“ ‘The judgment is void on its face in that the Plaintiffs complaint is filed in the name of Sylvia Jones. The note and mortgage in question and sued upon was granted to Friday, Inc., a corporation, [and not] to Plaintiff, Sylvia Jones. Sylvia Jones is not the real party in interest nor is she the correct *687 party and she does not own the note and mortgage.’ ”
Baker, 614 So.2d at 451. Our supreme court rejected this allegation as being insufficient under Kirtland to establish a meritorious defense. Id. The Baker court stated:
“Baker’s conclusion, if proven at trial, would comprise a complete defense to the action against him; however, he failed to submit any factual basis for his claims. The record contains no affidavits or supporting evidence to substantiate the bare legal conclusion that Sylvia Jones did not own the note and mortgage. In his pleading, Baker merely based his conclusions on the fact that Jones herself had not offered evidence to show that her corporation, Friday, Inc., had assigned the note to her; however, Baker never questioned the assignment and never raised this issue until he filed his second motion to set aside the default judgment. It is the burden of the movant, not the opposing party, to provide a ‘definite recitation of facts’ to support the movant’s conclusions of law. Kirtland. The movant must first support his own conclusions with facts before the burden shifts to the opposing party to offer evidence in rebuttal. In this case, Baker failed to provide the facts necessary to establish a meritorious defense.”

Id.

More recently, our supreme court has again reiterated the requirement that “the defaulting party has the initial burden of demonstrating the existence of the three Kirtland factors.” Carroll v. Williams, 6 So.3d 463, 467 (Ala.2008). Although the defaulting party in Carroll had also failed to establish a lack of prejudice to the defendant and a lack of his own culpable conduct, the court did state that “Carroll’s assertion that he has a meritorious defense to Williams’s claim is nothing more than a bare legal conclusion unsupported by affidavit or other evidence.” Carroll v. Williams, 6 So.3d at 468. Despite the fact that Carroll’s Rule 55(c) motion had been denied by operation of law, the Carroll court determined that Carroll’s failure to meet his initial burden under Kirtland obviated the need for the trial court to have held a hearing. Id.
Because of our supreme court’s decisions in Carroll and Baker, I cannot agree with the main opinion that the trial court’s denial of Jarrett’s motion to set aside the default judgment should be reversed. I do not think that Jarrett satisfied his initial burden under Kirtland. Because the Carroll court determined that a denial of a motion to set aside a default judgment by operation of law may be affirmed when the defaulting party fails to meet his or her initial burden under Kirtland, I would affirm the trial court’s denial of Jarrett’s motion.
MOORE, J., concurs.