PARKER, Justice
(concurring in the result).
I concur in the result.
Although I agree with the majority opinion that the default judgment must be reversed, I reach that conclusion on different grounds. In resolving a motion for a default judgment, a trial court must consider the three factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala.1988): “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 8) whether the default judgment was a result of the defendant’s own culpable conduct.” See Manci v. Ball, Koons & Watson, 995 So.2d 161 (Ala.2008); Zeller v. Bailey, 950 So.2d 1149, 1152-58 (Ala.2006); Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 808 (Ala.2004) (noting that “a trial court must consider” the factors set forth in Kirtland (emphasis added)); Rooney v. Southern Dependacare, Inc., 672 So.2d 1, 3 (Ala.1995) (nothing that “when determining whether to set aside a default judgment, the trial court must consider” the factors set forth in Kirtland (emphasis added)); Kirtland, 524 So.2d at 605; Campbell v. Campbell, 910 So.2d 1288, 1291 (Ala.Civ.App.2005); Smith v. Tyson Foods, Inc., 884 So.2d 861 (Ala.Civ.App. 2003); Cobb v. Loveless, 807 So.2d 566 (Ala.Civ.App.2001); TCI Cablevision of Alabama, Inc. v. Tehranchi, 739 So.2d 519 (Ala.Civ.App.1999); Sawyer v. Perkins, 717 So.2d 432 (Ala.Civ.App.1998); and White v. Westmoreland, 680 So.2d 348 (Ala.Civ.App.1996). Relying upon our well established precedent, the Alabama Court of Civil Appeals stated in Ethridge v. Wright, 688 So.2d 818 (Ala.Civ.App.1996):
“Because Ethridge [a defendant against whom a default judgment had been entered] requested that a default judgment be set aside, the trial court was required to consider both whether Ethridge had established Rule 60(b)[, Ala. R. Civ. P.,] grounds to set aside the judgment and whether she had met the standards for setting aside default judgments so clearly explained by our supreme court in Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 605-08 (Ala. 1988). See DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1091 (Ala.1990). According to the supreme court, Eth-ridge was required not only to establish a meritorious defense as described in Kirtland, but also to ‘demonstrate the ground under Rule 60(b) justifying relief *963 from the final judgment.’ DaLee, 561 So.2d at 1091.”
688 So.2d at 819.
It is clear from our precedent that in resolving a motion to set aside a default judgment the trial court must consider both whether the movant “established Rule 60(b) grounds to set aside the judgment” and whether the movant satisfied the Kirtland factors. In the present case, although Cornelius may have established a Rule 60(b), Ala. R. Civ. P., ground for setting aside the default judgment, there is nothing in the record before us to affirmatively indicate that the trial court considered the factors set forth in Kirtland in resolving Cornelius’s motion to set aside the default judgment against him. The majority opinion would cut the trial court’s analysis in half by not requiring the trial court to consider the Kirtland factors in resolving a motion to set aside a default judgment, effectively overruling some 23 years of precedent. I do not believe that such a change in our precedent is desirable or needed at this juncture. Instead, consistent with our precedent, I would reverse the trial court’s judgment and remand the cause to the trial court with directions for it to consider the Kirtland factors in resolving Cornelius’s motion to set aside the default judgment.
As set forth in the main opinion, the record indicates that Cornelius’s conduct, if not the sole factor, certainly contributed to the fact that he was never served with the plaintiffs’ motion for a default judgment. Cornelius’s mailbox at his home address was destroyed, thereby preventing mail from being delivered to him at that address; Cornelius provided a false address in his answer, whether intentionally or inadvertently; Cornelius also listed an attorney’s address as the return address on an envelope containing a document filed with the trial court when he had not retained the attorney as counsel. Such facts should be considered by a trial court under the third Kirtland factor — “whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605. Therefore, I would reverse the default judgment and remand the case to the trial court for the mandatory consideration of the Kirtland factors.