Carolyn Westmoreland and Warren White were divorced in December 1988. In 1995, Westmoreland filed a petition to modify White's child support obligation. A trial date was set for April 26, 1995. The trial was rescheduled, apparently because White had not been served with the complaint. The trial was set for May 23, 1995, but it had to be rescheduled again, because White still had not been served. A third trial date was set for August 23, 1995. White received notice of that trial setting; however, he did not appear for the trial, because, he says, he *Page 349 
"inadvertently mistook the date of the trial to be August 25." The trial court went ahead with the proceeding on August 23, and on August 25, 1995, it entered a judgment modifying child support. When White received the trial court's order, on September 23, 1995, he hired an attorney. The attorney filed a motion with the trial court on September 25, 1995, to have the judgment vacated. In their briefs to this court, both parties say that the motion was denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P. White appeals from the trial court's denial of his motion to vacate the judgment.
White contends that the trial court abused its discretion in denying his motion to vacate the judgment. The motion does not specify whether it was filed pursuant to Rule 55(c), Ala.R.Civ.P., which deals with setting aside a default judgment, or Rule 60(b)(1), Ala.R.Civ.P., which allows relief from a judgment because of excusable neglect. In his motion, as well as in his brief to this court, White makes arguments under both rules. Westmoreland's brief to this court addresses the issue as if this were an appeal from the denial of a Rule 60(b) motion and it does not discuss the merits of the motion under Rule 55(c).
White's motion to vacate the judgment was filed within 30 days of the entry of judgment and sought relief from a judgment entered when he failed to appear in court. Therefore, this court will consider the motion as a motion to set aside a default judgment filed pursuant to Rule 55(c). See Post v.Duffy, 603 So.2d 1070 (Ala.Civ.App. 1992); Rebel Oil Companyv. Pike, 473 So.2d 529 (Ala.Civ.App. 1985). Motions filed pursuant to Rule 55(c) are denied by operation of law if left pending in the trial court for more than 90 days. Rule 59.1, Ala.R.Civ.P. White's motion to vacate the judgment was pending for more than 90 days, therefore, the motion was denied by operation of law.
Defaults and dismissals are generally disfavored, and cases should be decided on the merits. Cleveland v. Monroe,474 So.2d 80 (Ala. 1985). "A trial judge must presume that cases 'should be decided on the merits whenever practicable.' " Rooney v.Southern Dependacare, Inc., 672 So.2d 1 (Ala. 1995), quotingKirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988). Although a trial court has broad discretion in determining whether to set aside a default judgment, it must balance two competing policy interests — judicial economy and the litigant's right to defend on the merits. Rooney, 672 So.2d at 3; Kirtland, 524 So.2d at 604. "[P]reserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy." Kirtland, 524 So.2d at 604.
Because of the importance of allowing a litigant to defend on the merits, the Alabama Supreme Court has established the following guideline for trial courts to use when determining whether to set aside a default judgment. "[A] trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland, 524 So.2d at 605, (citations omitted). Even had we found that White's motion to vacate the judgment was filed pursuant to Rule 60(b), the Kirtland analysis applies in Rule 60(b) proceedings.Rooney, 672 So.2d at 3.
Because White's motion was denied by operation of law rather than by an order of the court, there is nothing in the record to indicate that the trial court applied the factors enumerated in Kirtland. Therefore, we must reverse the judgment of the trial court. Bailey Mortgage Co. v. Gobble-Fite Lumber Co.,565 So.2d 138 (Ala. 1990); Kirtland, 524 So.2d 600. This holding is not to be construed to mean that the trial court must set aside the default judgment, only that the trial court must apply theKirtland factors in deciding whether to set aside the default judgment. The judgment of the trial court is reversed, and the cause is remanded for the trial court to consider the Kirtland
factors in determining whether to set aside the default judgment against White. *Page 350 
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.