CHO Real Estate Holding, Inc. (CHO); Atlantic Western Corporation; BMZ, Inc.; Tennessee Real Estate, Inc.; and Star Service and Petroleum Company, Inc. (Star), appeal from the trial court's denial of their post-judgment motion seeking to set aside a default judgment. The Alabama Supreme Court transferred the appeal to this Court pursuant to § 12-2-7, Ala. Code 1975.
On September 13, 1994, John R. Wyatt and Charles E. Wyatt (hereinafter referred to as "the plaintiffs"), filed a "Complaint to Quiet Title," pursuant to § 6-6-540 et seq., Ala. Code 1975, in the Tuscaloosa County Circuit Court. The complaint named, among others, CHO, Atlantic Western, BMZ, Tennessee Real Estate, and Star as defendants. None of the named defendants answered the complaint, and on October 5, 1995, the trial court entered a default judgment for the plaintiffs. CHO, Atlantic Western, BMZ, Tennessee Real Estate, and Star subsequently filed a motion to set aside the default judgment, pursuant to Rule 55(c), Ala.R.Civ.P., alleging that they never received service of process. The motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P.
The Rule 55(c) motion was denied without any indication of whether the trial court had considered the factors set forth inKirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988). Consequently, we must reverse the judgment and remand the cause for the trial court to consider the Kirtland factors when determining whether to set aside the default judgment. See White v. Westmoreland, 680 So.2d 348
(Ala.Civ.App. 1996).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and MONROE, JJ., concur. *Page 373