HOLMES, Retired Appellate Judge.
BankAmerica Housing Services, a division of Bank of America, FSB, appeals the denial of its motion for relief from a final judgment.
Our review of the record reveals the following: On May 16, 1996, Matthews entered into a retail installment contract with Country Side Homes, Inc., to purchase a new manufactured home. The contract was subsequently assigned to BankAmerica for valuable consideration.
On April 30, 1997, Matthews filed a complaint against Country Side, as well as Bank-Ameriea, seeking damages for an alleged breach of contract arising out of Country Side’s failure to properly “set-up” and to cure certain defects in the manufactured home.
The summons and the complaint for Bank-America and for Country Side were sent certified mail. Neither party filed an answer. On August 1, 1997, Matthews obtained an entry of default against BankAmer-ica, and on September 11, 1997, the trial court held a hearing to assess his damages. Matthews also obtained an entry-of default against Country Side. Country Side, however, is not germane to this appeal.
On October 30, 1997, the trial court entered a final judgment, granting Matthews’s motion for a default judgment against both Country Side and BankAmerica. The trial court further awarded Matthews $81,593.94, finding joint and several liability between Country Side and BankAmerica, limited only by BankAmerica’s protection as a holder in due course.
After receiving a favorable judgment, Matthews did not forward to BankAmerica his November 1997 payment.- A representative from BankAmerica called Matthews and was, at that point, advised of the judgment. On December 3, 1997, Matthews’s attorney sent BankAmerica a copy of the final judgment.
On December 16, 1997, BankAmerica filed a motion for relief from the judgment, pursuant to Rule 60(b), Ala.' R. Civ. P. In its motion, BankAmerica argued that the judgment should be set aside because of excusable neglect in not responding to the summons and the complaint. BankAmerica also asserted various meritorious defenses, supported by exhibits and affidavits. On December 22, 1997, the trial court denied the motion without a hearing.
On January 16, 1998, BankAmerica filed a subsequent motion to alter, amend, or vacate the final judgment, which the trial court also denied.
On February 2, 1998, BankAmerica appealed to our supreme court. The case was transferred to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Initially, we note the following well-established factors that a trial court must consider in determining whether to set aside a default judgment:
“In determining whether to set aside a default judgment pursuant to Rule 60(b), the trial court must apply the same analysis it applies in determining whether to set aside a default judgment pursuant to Rule 55(c). [Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala.1995).] That analysis includes consideration of the following three factors: ‘1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’ Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala. 1988).”
*88 Alexander v. Washington, 707 So.2d 254, 255-56 (Ala.Civ.App.1997).
In the instant case, there is nothing in the record to indicate that the trial court considered the factors required by Kirtland. Therefore, the judgment of the trial court must be reversed. CHO Real Estate Holding, Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App.1996); and White v. Westmoreland, 680 So.2d 348 (Ala.Civ.App.1996).
As noted by this court in Alexander, “[w]e make no determination as to whether [Ban-kAmerica is] entitled to have the judgment set aside, only that [it] must be given the opportunity to argue [its] motion.” Alexander, 707 So.2d at 256. Clearly, in this instance, the trial court denied BankAmerica’s various motions without a hearing.
Consequently, the judgment of the tidal court is reversed, and the cause is remanded for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.