Darryl Richardson appeals from a default judgment entered by the Jefferson Circuit Court in favor of Integrity Bible Church, Inc. ("Integrity"), on Integrity's fraud claims against Richardson and a corporation, Banctruss Mortgage, L.L.C. ("Banctruss"). We reverse and remand.
In December 2002, Integrity brought a civil action against Richardson and Banctruss in the trial court. In its complaint, Integrity alleged that it had entered into an agreement to purchase a parcel of real property for $1,700,000 and that it had then engaged the services of Richardson and Banctruss in an effort to secure a loan commitment from a lender who would provide funds to Integrity to consummate the purchase. According to Integrity, Richardson and Banctruss insisted on a $50,000 payment for their services but promised that that payment would be refunded if a loan was not ultimately made; however, Integrity alleged that Richardson and Banctruss failed to obtain a loan guarantee for more than $1,300,000, which was $400,000 less than the agreed purchase price for the property, and that Richardson and Banctruss later refused Integrity's request to refund the $50,000 deposit. Integrity sought damages and injunctive relief as a consequence of the alleged actions of Richardson and Banctruss.
In January 2003, Richardson and Banctruss, through counsel, filed a motion to dismiss the action pursuant to Rule 12(b)(6), Ala. R. Civ. P.; that motion was denied on February 5, 2003, and Richardson and Banctruss were given 20 days to answer the complaint. Counsel for the defendants sought, and was granted, a 30-day extension of time to answer the complaint on the basis that representation of Richardson and Banctruss would need to be referred to another attorney; however, *Page 347 
counsel was ultimately permitted to withdraw on May 22, 2003, without having filed an answer. On May 23, 2003, Integrity filed motions seeking the entry of a default judgment against Richardson and Banctruss on the basis that they had not answered the complaint; the trial court set a hearing date of June 27, 2003, with respect to those motions.
On June 10, 2003, Richardson, acting on his own behalf and purporting to act on behalf of Banctruss, filed an answer to Integrity's complaint denying Integrity's allegations and asserting the applicable statute of limitations and estoppel as affirmative defenses. Richardson, however, failed to appear at the June 27, 2003, hearing, although that hearing was attended by an attorney who stated that he "anticipated being hired by" Richardson but who admitted that he had not been "officially retained." The trial court proceeded to take testimony and receive evidentiary exhibits in connection with Integrity's default-judgment motions.
On July 2, 2003, the attorney who had attended the June 27, 2003, hearing filed, on Richardson's behalf, a "motion to set aside default judgment," contending that Richardson had meritorious defenses to Integrity's claims. According to Richardson's motion, in his dealings with Integrity, he acted on behalf of a principal, Banctruss, rather than on his own behalf; moreover, Richardson alleged that Integrity had breached a brokerage agreement between Banctruss and Integrity such that the $50,000 deposit alleged in the complaint was forfeited to Banctruss. In an accompanying affidavit, Richardson testified that he did not intentionally disregard the June 27, 2003, hearing but that he "was in error" in failing to attend because, he said, he "mistakenly believed" that he would be afforded time to retain new counsel once his answer had been filed on June 10, 2003.
Although Richardson's July 2, 2003, motion was styled as a motion, pursuant to Rule 55(c), Ala. R. Civ. P., to set aside a default judgment, that motion was procedurally premature because no final judgment had been entered at that time. However, the trial court did enter a default judgment against both Banctruss and Richardson on July 17, 2003, based upon the evidence presented at the June 27, 2003, hearing; in its judgment, the trial court awarded Integrity $200,000, which includes $50,000 in compensatory damages and $150,000 in punitive damages. Under recent Supreme Court authority, a premature postjudgment motion that, if it had been directed to a final judgment, would toll the time for filing a notice of appeal from a final judgment (see
Ala. R.App. P., Rule 4(a)(3)) "quickens" on the day that the final judgment is entered. New Addition Club, Inc. v. Vaughn, [Ms. 1022075, July 16, 2004] ___ So.2d ___, ___ (Ala. 2004) (holding that "if a party moves for a judgment as a matter of law or, in the alternative, for a new trial before the court has entered a judgment, the motion shall be treated as having been filed after the entry of the judgment and on the day thereof").
Richardson later filed, on August 1, 2003, a "revised motion to set aside default judgment" containing essentially the same allegations that appeared in his first motion. While there is authority for the proposition that such a "revised" motion may be filed of right within 30 days of the entry of the pertinent judgment and will start anew the running of the 90-day period specified in Rule 59.1, Ala. R. Civ. P., during which a trial court may act on a postjudgment motion,[1] we need not address *Page 348 
the effect of the "revised" motion because the trial court did not enter an order granting or denying Richardson's motion within 90 days of either July 17, 2003, or August 1, 2003. Therefore, under Rule 59.1, Ala. R. Civ. P., to the extent that Richardson sought an order to set aside the July 17, 2003, default judgment pursuant to Rule 55(c), Ala. R. Civ. P., his request was denied no later than October 29, 2003; although the trial court purported to enter an order denying Richardson's motion to set aside the default judgment on November 20, 2003, that order is a nullity.
On November 12, 2003, Richardson, acting pro se[2] and noting that it had been more than 90 days since the filing of the "revised" motion to set aside the default judgment, filed a timely notice of appeal from the default judgment. Although Richardson's brief on appeal posits that that notice of appeal was actually filed "as Managing Member of Banctruss," there is no indication to that effect in the body of the notice of appeal; moreover, "a corporation, even a corporation with a sole shareholder and one director, may not be represented in court by a director or officer who is not licensed to practice law." Exparte Ghafary, 738 So.2d 778, 780 n. 2 (Ala. 1998). Richardson filed additional notices of appeal on December 3, 2003, but these, too, show only Richardson as an appellant. The Alabama Supreme Court transferred Richardson's appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Richardson asserts that the trial court erred in entering the default judgment. Rule 55(a), Ala. R. Civ. P., provides that a party may properly be deemed in default when he or she fails to answer "or otherwise defend." Although Richardson answered Integrity's complaint after Integrity had moved for a default judgment against him, he later failed to appear at a hearing scheduled to determine whether to grant that motion. For all that appears in the record, neither Richardson nor his second attorney, who had not been formally retained by Richardson at the time of the hearing, offered any excuse before or during that hearing for Richardson's having failed to appear. We cannot agree with Richardson that the trial court abused its discretion in entering a default judgment under the circumstances.
However, we reach a different conclusion with respect to Richardson's contention that the trial court erred in permitting his motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P., to be denied by operation of law. Under Alabama law, although trial judges must balance two competing policy interests — judicial economy and the litigant's right to defend on the merits — in determining whether to set aside a default judgment, "preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy." Kirtland v. Fort Morgan Auth. SewerServ., Inc., 524 So.2d 600, 604 (Ala. 1988). "In determining whether to set aside a default judgment, a trial court must
apply the three-factor analysis set forth by our Supreme Court inKirtland," i.e., "(1) whether the defaulting party has a meritorious defense, (2) whether the nondefaulting party will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defaulting party's own culpable conduct." McCormick v. Congleton, *Page 349 860 So.2d 1275, 1278 (Ala.Civ.App. 2003) (emphasis added);accord, White v. Westmoreland, 680 So.2d 348, 349 (Ala.Civ.App. 1996).
Richardson contends that consideration of the Kirtland
factors is mandatory and that the trial court apparently did not consider those factors. Because of the importance of the interest of preserving a party's right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c) motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland
factors. White, 680 So.2d at 349; CHO Real Estate Holding,Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App. 1996); BankAmericaHous. Servs. v. Matthews, 718 So.2d 86, 88 (Ala.Civ.App. 1998);Cobb v. Loveless, 807 So.2d 566, 567 (Ala.Civ.App. 2001);compare Advance Carpet Sys., Inc. v. Haman, Inc.,716 So.2d 1248, 1249 (Ala.Civ.App. 1998) (distinguishing White and CHO
because trial court's express denial of motion to set aside default judgment was not entered by operation of Rule 59.1, Ala. R. Civ. P., and was shown on the record to be based upon application of Kirtland factors).
In this case, there is nothing to indicate that the trial court considered the three factors specified in Kirtland. We therefore reverse the trial court's denial of Richardson's motion to set aside the default judgment entered against him and remand the cause "for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment."BankAmerica Hous. Servs., 718 So.2d at 88. As in White, however, our mandate in this case "is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment."680 So.2d at 349.
Integrity's motion to dismiss the appeal based upon the absence of a reporter's transcript or a Rule 10(d), Ala. R.App. P., statement of the evidence is denied.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell,430 So.2d 426, 428 (Ala. 1983).
[2] Richardson's second attorney, on November 19, 2003, sought leave to withdraw from the case; the trial court granted counsel's motion on the following day.