In March 2002, Bernice Philyaw sued Lou Ethel Rudolph, Derek Wayne Reed, and Annie Mae Rudolph in the Conecuh Circuit Court ("the trial court"). Philyaw's complaint alleged two counts: a boundary-line dispute wherein Philyaw sought the determination of the boundary line and a trespass claim. In December 2003, Philyaw amended her complaint to add Cynthia Reed Evans as a defendant and to add an adverse-possession claim.
In January 2004, the trial court entered an order setting the case for trial on June 8, 2004. On May 25, 2004, Philyaw moved the Conecuh Circuit Clerk to enter a default against the defendants based on their failure to answer the complaint. The record indicates that the circuit clerk entered a default against the defendants on that same date, May 25, 2004. On May 27, 2004, Philyaw submitted affidavits and documentary evidence to the trial court. On June 3, 2004, the trial court entered a default judgment in favor of Philyaw.
On June 21, 2004, three of the defendants, Lou Ethel Rudolph, Derek Wayne Reed, and Cynthia Reed Evans (hereinafter "the defendants"), filed a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P., and a motion for leave of court to file an answer and a counterclaim to "assert their claims and defenses so this case can be tried on the merits." As grounds in support of their motion to set aside the default judgment, the defendants alleged:
 "1. That the [d]efendants did not have an attorney and did not formally *Page 202 
retain an attorney until . . . [the d]efendants received [n]otice of the entry of [j]udgment.
 "2. That [the d]efendants were prepared to present evidence on June 8, 2004, which was the date the Court had set the matter . . . for trial.
 "3. That this Court entered a [j]udgment before the trial date of June 8, 2004.
 "4. That the [d]efendants were told on June 8, 2004, that no trial would be held and that this matter was resolved because a [j]udgment had been entered.
 "5. That on June 14, 2003, . . . [the d]efendants retained the undersigned attorney who prepared this pleading on their behalf and within the time allowed under Rule 55(c) Alabama Rules of Civil Procedure.
 "6. That in the interest of justice, this matter should be tried on the merits."
The defendants did not file an affidavit or any other evidence in support of their motion to set aside the default judgment or their motion for leave of court to file an answer and a counterclaim. Later in June 2004, the trial court set both of the defendants' motions for a hearing on September 30, 2004.
However, on September 30, 2004, the trial court entered an order finding that it had lost jurisdiction of the matter. As the parties correctly point out in their briefs on appeal, pursuant to Rule 59.1, Ala. R. Civ. P., the defendants' postjudgment motions were denied by operation of law on September 19, 2004. The defendants timely appealed on October 26, 2004. This case was transferred to this court by the supreme court, pursuant to §12-2-7(6), Ala. Code 1975.
On appeal, the defendants contend that the trial court abused its discretion in allowing their Rule 55(c) motion to set aside the default judgment to be denied by operation of law. We note at the outset that our supreme court "now phrase[s] the question formerly framed in terms of whether a trial court `abused' its discretion in terms of whether the trial court `exceeded' its discretion." Ex parte Family Dollar Stores of Alabama, Inc.,906 So.2d 892, 899 (Ala. 2005) (citing Vesta Fire Ins. Corp. v.Milam Co. Constr., Inc., 901 So.2d 84 (Ala. 2004); Johnson v.Willis, 893 So.2d 1138 (Ala. 2004); and Zaden v. Elkus,881 So.2d 993 (Ala. 2003)). Cf. Kirtland v. Fort Morgan Auth. SewerServ., Inc., 524 So.2d 600, 603 (Ala. 1988) (expressing standard of review in former terminology of "abuse of discretion").
The defendants argue that the trial court should have applied the three-factor test set out in Kirtland, supra.
 "Our courts have construed Rule 55(c) as contemplating a liberal exercise of a trial court's discretion in favor of setting aside default judgments. Ex parte Illinois Cent. Gulf R.R., 514 So.2d 1283 (Ala. 1987). Our supreme court has held that the trial court's use of discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343
(Ala. 1987). Our supreme court has also established guidelines to assist a trial judge in exercising his discretion.
 "`[A] trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' *Page 203 
"Kirtland, 524 So.2d [600] at 605 [(Ala. 1988)]."
Martin v. Crumpton, 883 So.2d 700, 703 (Ala.Civ.App. 2003). The law in Alabama is clear that the defaulting party has the initial burden of demonstrating the existence of the Kirtland factors.Ex parte Family Dollar Stores, 906 So.2d at 899-900; Phillipsv. Randolph, 828 So.2d 269, 278 (Ala. 2002); and Kirtland,524 So.2d at 605-608.
Regarding the first Kirtland factor, the existence of a meritorious defense,
 "a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
 "The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a `plausible defense.'"
524 So.2d at 606 (citations omitted).
Regarding the second Kirtland factor, the absence of prejudice to the nondefaulting party, "the prejudice must be substantial." 524 So.2d at 607.
 "[W]hen a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside."
Phillips v. Randolph, 828 So.2d 269, 278 (Ala. 2002).
Regarding the third Kirtland factor, the culpability of the defaulting party's conduct,
 "[c]onduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. . . .
 "However, a defaulting party's reasonable explanation for inaction and non compliance may preclude a finding of culpability."
524 So.2d at 607-08 (citations omitted).
The defendants cite Richardson v. Integrity Bible Church,Inc., 897 So.2d 345 (Ala.Civ.App. 2004), and White v.Westmoreland, 680 So.2d 348 (Ala.Civ.App. 1996), and argue that those cases stand for the proposition that a reversal of the trial court's judgment is required in all cases where the defaulting party's motion to set aside a default judgment is denied by operation of law. We disagree.
In both Richardson v. Integrity Bible Church and White v.Westmoreland, the defendant's motion to set aside the default judgment was denied by operation of law. In each of those cases, this court reversed the trial court's judgment and remanded those cases for the trial court to apply the Kirtland factors where there was nothing in the record to indicate that the trial *Page 204 
court had considered the Kirtland factors in determining whether to set aside the default judgment. Richardson v.Integrity Bible Church, 897 So.2d at 348-49; White v.Westmoreland, 680 So.2d at 349.
However, this court's opinions in Richardson v. IntegrityBible Church and White v. Westmoreland indicate that the defaulting parties in those cases, at a minimum, made allegations and arguments relating to the Kirtland factors in their motions to set aside the default judgment. See Richardson v. IntegrityBible Church, 897 So.2d at 347 (noting that, in his motion to set aside the default judgment and supporting affidavit, Richardson alleged and presented evidence relating to theKirtland factors); and White v. Westmoreland,680 So.2d at 349 (noting that White made arguments under Rule 55(c) in his postjudgment motion).[1] In the present case, unlike inRichardson v. Integrity Bible Church and White v.Westmoreland, the defendants failed to allege and argue theKirtland factors in their motion to set aside the default judgment. Thus, the facts of Richardson v. Integrity BibleChurch and White v. Westmoreland are distinguishable from the facts in the present case, and we do not believe that those cases require a reversal of the trial court's judgment in the present case.
The defendants' motion to set aside the default judgment made no allegations that the defendants had a meritorious defense or that Philyaw would not be unfairly prejudiced if the default judgment were set aside, and the defendants failed to assert that the entry of the default judgment was not the result of their own culpable conduct. In light of Kirtland, supra, and Phillips, supra, we conclude that the defendants have failed to meet their initial burden under all three Kirtland factors and, thus, have failed to make the requisite showing under the those factors. We find no precedent for holding a trial court in error for allowing a motion to set aside a default judgment to be denied by operation of law where the defaulting party submitted nothing to the trial court regarding the three Kirtland factors.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] We note that White v. Westmoreland was decided before our supreme court clarified in Phillips v. Randolph, supra, that the initial burden of proof relating to the second Kirtland
factor, the absence of prejudice to the nondefaulting party, is on the defaulting party. Richardson v. Integrity Bible Church
was decided after Phillips v. Randolph, supra.