MOORE, Judge.
Henry Craig Jenkins appeals from an order entered by the Montgomery Circuit Court (“the trial court”) denying his motion to set aside a default judgment that was entered against him and in favor of Annette Moss and Antonio Moss.
*804 On September 21, 2007, the Mosses filed a complaint in the trial court asserting various claims against A Plus Mortgage Corporation; H. Craig Jenkins; Hiram Ci’ittenden; Countrywide Home Loans, Inc.; George Edwards; Security Land Title, Inc.; and William H. Grant. All the defendants subsequently filed answers to the complaint. On May 29, 2009, the Mosses and Countrywide, Edwards, Security Land Title, and Grant filed a joint motion and stipulation of dismissal stating that those parties had entered into a pro tanto settlement of all the claims asserted against Countrywide, Edwards, Security Land Title, and Grant and requesting that the trial court dismiss the claims against those defendants; the trial court granted that motion on June 2, 2009.
On October 1, 2009, the attorney of record for the remaining defendants, i.e., A Plus Mortgage, Jenkins, and Crittenden, filed motions to withdraw from his representation of those defendants; the trial court entered orders on October 2, 2009, granting those motions. According to the “Alabama SJIS [State Judicial Information System] Case Detail” sheet contained in the record on appeal, the trial court entered an order on December 28, 2009, setting the case against the remaining defendants for a jury trial on June 14, 2010; the record on appeal does not, however, contain a copy of that order, and the State Judicial Information System case-detail sheet does not indicate upon whom that order was served.
On June 15, 2010, the trial court entered the following default judgment:
“This matter came before the court pursuant to an Order issued on December 28, 2009 scheduling it for a jury trial to commence at 10:30 a.m. on June 14, 2010. The [Mosses] and their counsel were present and ready to proceed with trial. The court delayed the commencement of the action until 11:05 a.m. in an effort to determine if [A Plus Mortgage, Jenkins, or Crittenden,] the defendants which are still parties to this lawsuit would appear. However, none of the [remaining] defendants appeared nor did any representative of any [remaining] defendant. Accordingly a joint and several default judgment was entered in favor of the [Mosses] against the [remaining] defendants, A Plus Mortgage Corporation, H. Craig Jenkins and Hiram Crittenden.
“The [Mosses] submitted an affidavit for the purpos[e] of establishing damages. Based on a review of the same, the court holds [A Plus Mortgage’s, Jenkins’s, and Crittenden’s] conduct was malicious, wrongful, intentional, gross, wanton and negligent. Thus this Honorable Court hereby enters a joint and several judgment in favor [of] the [Mosses] and against all [remaining] defendants [A Plus Mortgage, Jenkins, and Crittenden] in the amount of $100,000.00.”
The copy of the default judgment in the record on appeal indicates that a copy of the judgment was served on the attorney for the Mosses and “all pro se parties.”
On July 2, 2010, “Henry Craig Jenkins dba A Plus Mortgage Corp.” filed a motion to set aside the default judgment that had been entered against Jenkins. That motion asserted, in pertinent part:
“1. Defendant’s Counsel was allowed to withdraw on October 1, 2009.
“2. Defendant Jenkins was unrepresented and did attend a hearing during December 2009.
“3. At that hearing, there was much discussion about this case having no merit against me.
“4. I received no notice of a trial setting.
*805 “5. On June 15, 2010 a judgment was rendered against me by default for failure to appear.
“6. The default is a product of excusable neglect as I did not provide to the Clerk of this court my home address.
“7. This mistake could happen to a reasonable person as did to me for I am not an attorney and was not aware that I would not receive notices of any future court hearings.
“8. I have meritorious defenses to the claims against me and if this motion is granted, I have a reasonable chance of prevailing on said merits at trial.
“9. No party will be prejudiced by allowing this matter to proceed and go to trial.”
Jenkins’s affidavit was attached to the motion to set aside the default judgment; in that affidavit Jenkins stated:
“1. My name is Henry Craig Jenkins, Sr. and I am over the age of majority.
“2. I reside [on] West Farmington Trace in Pike Road, Alabama.
“3. I am a Defendant in Case Moss v. A Plus Mortgage et al. CV-2007-1506 Montgomery County, Alabama.
“4. I was unrepresented but did attend a hearing during December 2009.
“5. At that hearing, there was much discussion about this case having no merit against me. There was further discussion of the case being dismissed as a waste of the Court’s time although the ease was not dismissed.
“6. There was no trial setting that I was aware.
“7. I received no notice of a trial setting.
“8. On June 15, 2010 a judgment was rendered against me by default for failure to appear.
“9. The default is a product of excusable neglect as I did not provide to the Clerk of this court my home address.
“10. This mistake could happen to a reasonable person as did to me for I am not an attorney and was not aware that I would not receive notices of any future court hearings.
“11. I have meritorious defenses to the claims against me and if this motion is granted, I have a reasonable chance of prevailing on said merits at trial.”
On July 8, 2010, the trial court entered an order denying the motion to set aside the default judgment; that order stated:
“A default judgment was entered on June [15], 2010 when [the remaining] Defendants failed to appear for trial. Defendant Jenkins moves to set aside that judgment asserting that he did not receive notice of the trial date because he failed to provide an address to the Court. This matter was set for jury trial on October 19, 2009. The Court called the case for trial and all parties and their attorneys were present. The Court spoke with [the Mosses’] counsel, [the remaining] defendants, and [the remaining] defendants’ counsel and urged the [Mosses] to determine whether they could collect a verdict before the Court struck a jury and spent several days in trial. The Court never offered an opinion on the merits of the case.
“... [T]he Court allowed [the remaining defendants’] counsel to withdraw and informed the parties that the case would be re-set. Before the parties left [the October hearing], the Clerk informed them that if the case needed to be re *806 set, it would likely not be until June 2010. On December 29, 2009 the Court issued an Amended Trial Scheduling Order re-setting the case for trial on June 14, 2010. The Circuit Clerk’s office mailed the orders to the addresses it had on file in compliance with the Alabama Rules of Civil Procedure.
“The case was called for trial on June 14, 2010. Defendant Jenkins contends that his failure to provide a current address is excusable neglect. Excusable neglect does not include pretending the case does not exist. When [the remaining] Defendants’ counsel was allowed to withdraw and [the remaining] defendants chose to proceed pro se, they had a duty to provide the Circuit Clerk’s Office with valid contact information and to familiarize themselves with the Alabama Rules of Civil Procedure. During the five and a half month period from December 29, 2009 to June 14, 2010, [Jenkins] could have contacted the Court, the Clerk’s Office, or even opposing counsel to inquire about the pending case against him.
“[Jenkins’s] MOTION TO SET ASIDE JUDGMENT is hereby DENIED.”
(Capitalization in original.) Jenkins appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Jenkins asserts that the trial court exceeded its discretion by denying his motion to set aside the default judgment entered against him. This court discussed a trial court’s denial of a motion to set aside a default judgment in Fuller v. Fuller, 991 So.2d 285, 288 (Ala.Civ.App.2008):
“ ‘In Kirtland, v. Fort Morgan Auth. Sewer. Serv., Inc., 524 So.2d 600 (Ala.1988), this Court held that a trial court has broad discretion in determining whether to grant or deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant’s right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
“ ‘Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so.... Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirtland, 524 So.2d at 605.’
“[Sampson v. Cansler, 726 So.2d 632,] 633 [ (Ala.1998) ]. An analysis under the Kirtland factors is one requiring a balancing approach that weighs the factors against one another. Sumlin v. Sumlin, 931 So.2d 40, 45 (Ala.Civ.App.2005). Also, all three factors must be considered, but there is no requirement that all three factors be resolved in favor of the movant in order to set aside a default judgment. Id.”
On appeal, Jenkins discusses each of the factors set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), applies them to the present case, and argues that the trial court erred in failing to set aside the default judgment entered against him. Jenkins also asserts *807 that the trial court failed to address each of the Kirtland factors in its order, and he cites a number of cases that resulted in the reversal of a denial of a motion to set aside a default judgment when each of the Kirt-land factors were not addressed by the trial court. See, e.g., R.J.G. v. S.S.W., 42 So.3d 747, 754 (Ala.Civ.App.2009); Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 349 (Ala.Civ.App.2004); Jones v. Jones, 717 So.2d 434, 435 (Ala.Civ.App.1998); and CHO Real Estate Holding, Inc. v. Wyatt, 680 So.2d 372, 372 (Ala.Civ.App.1996).
The trial court’s order in the present case indicates that the court based its decision to deny Jenkins’s motion to set aside the default judgment on Jenkins’s failure to provide the circuit clerk with a current address or to otherwise apprise himself of the status of the case. Thus, the trial court seemingly considered the third Kirt-land factor regarding Jenkins’s culpable conduct. The order does not reflect that the trial court presumed that the case should be decided on the merits, that the trial court considered the two remaining Kirtland factors regarding whether Jenkins has a meritorious defense or whether the Mosses would be prejudiced if the default judgment is set aside, or that the trial court determined that the presumption against a default judgment had been overcome. In Richardson, this court stated:
“In this case, there is nothing to indicate that the trial court considered the three factors specified in Kirtland. We therefore reverse the trial court’s denial of Richardson’s motion to set aside the default judgment entered against him and remand the cause ‘for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment.’ BankAmerica Hous. Servs.[ v. Matthews ], 718 So.2d [86,] 88 [ (Ala.Civ.App.1998) ]. As in White[ v. Westmoreland, 680 So.2d 348 (Ala.Civ.App.1996) ], however, our mandate in this ease ‘is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.’ 680 So.2d at 349.”
897 So.2d at 349. As in Richardson, we conclude that the trial court’s judgment is due to be reversed and the cause remanded with instructions that the trial court apply the Kirtland analysis in full in determining whether to set aside the default judgment entered against Jenkins. Because we are reversing based on this issue, we pretermit discussion of the remaining issues raised by Jenkins on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.