THOMPSON, Presiding Judge.
A.P.J. (“the mother”) and R.D.J. (“the father”) were divorced by a July 24, 2009, judgment of the Jefferson Circuit Court (“the trial court”). Pursuant to the di *664 vorce judgment, the parties were awarded joint legal custody of their three minor children, the mother was awarded primary physical custody of the children, and the father was awarded liberal visitation, including overnight visitation during the week. In addition, the father was ordered to provide health insurance for the children and to pay child support and one-half of any medical expenses not covered by health insurance.
On April 22, 2011, the trial court granted the mother’s request for enforcement of, and a modification of, the divorce judgment. In its April 22, 2011, judgment, the trial court modified the father’s child-support obligation and some of the visitation provisions of the divorce judgment. In addition, the trial court found the father in contempt of court for his failure to pay child support as ordered in the divorce judgment. The trial court determined the father’s child-support arrearage and ordered the father incarcerated until he purged himself of the contempt by paying that arrearage. The record does not indicate for what length of time, if any, the father was incarcerated pursuant to that April 22, 2011, contempt finding.
On April 19, 2012, the father filed a petition seeking, among other things, to modify the earlier judgments' to award custody of the children to him and to have the mother held in contempt for her alleged interference with his visitation rights.
Also on April 19, 2012, the mother filed a petition to modify the earlier judgments. In her petition, the mother sought to modify the father’s visitation, an award of an attorney fee, and to have the father held in contempt for his continued failure to make payments, including child support, ordered under the previous judgments. The mother also sought a pendente lite order suspending the father’s visitation with the children.
Allegations by the parties’ daughter that the father had sexually abused her form the basis of the parties’ 2012 dispute. It also appears other abuse allegations were made by the parties’ sons. At the time the April 19, 2012, petitions to modify were filed, the State Department of Human Resources was investigating the abuse allegations. Given the nature of the allegations, the trial court ordered the record sealed and appointed a guardian ad litem for the children. The trial court also consolidated the two actions initiated by the parties by the filing of their separate April 19, 2012, petitions to modify. The trial court also entered a pendente lite order modifying the father’s visitation with the daughter to daytime hours only.
On September 4, 2012, the father’s attorney filed a motion to withdraw, stating as a basis for that motion that the attorney might be called as a character witness for the father during the hearing on the merits, which, at that time, was scheduled for September 14, 2012. On September 6, 2012, the trial court entered an order granting the motion to withdraw. New counsel then filed a notice of appearance on behalf of the father.
Also on September 4, 2012, the parties and their attorneys signed an agreement (hereinafter referred to as “the memorandum agreement”) concerning the father’s pendente lite visitation with the children. The September 4, 2012, memorandum agreement is date stamped as having been filed in open court on September 4, 2012, and that memorandum agreement contains the notation: “Trial date 11/14/2012.” A notation on the case-action summary dated September 6, 2012, states that the trial was scheduled for November 14, 2012. On September 25, 2012, the trial court entered a written order incorporating the terms of *665 the memorandum agreement, and that order specifically included a statement that the hearing on the merits was scheduled for November 14, 2012. The memorandum agreement was also filed in the trial-court clerk’s office and entered on the case-action summary on September 25, 2012.
On November 5, 2012, the mother again moved to have the father held in contempt for his continued failure to pay child support and for failing to make payments toward the child-support arrearage. The mother requested that the father be incarcerated as a sanction for the contempt. On November 8, the trial court entered an order scheduling its consideration of the mother’s motion for contempt for November 14, 2012, the date of the scheduled hearing on the merits of the parties’ modification petitions.
It is undisputed that the mother, her attorney, and the father’s attorney appeared for the November 14, 2012, hearing but that the father did not attend that hearing. Also on November 14, 2012, the father’s new attorney moved to withdraw, stating in that motion that he had advised the father “of the matters currently pending before this court.” The trial court granted that motion to withdraw before the hearing began. A transcript of the ore tenus hearing is not contained in the record on appeal.
On November 15, 2012, the trial court entered a judgment in which it, among other things, denied the father’s petition to modify, awarded the mother sole legal custody of the parties’ three children, and modified the father’s visitation with the children. The trial court ordered the father to pay the guardian ad litem’s fee and an attorney fee for the mother. In addition, the trial court found the father in willful contempt for his failure to pay child support, and it issued a writ of arrest for the father.
On November 20, 2012, the trial court entered an order granting an oral motion by the father to withdraw or set aside the writ of arrest. The mother represents in her brief submitted to this court that by November 20, 2012, the father had paid the child-support arrearage on which the contempt finding supporting the writ of arrest had been based.
On December 14, 2012, the father, again represented by the attorney who had previously withdrawn to serve as a character witness for the father, filed a post-judgment motion pursuant to Rule 55(c), Ala. R. Civ. P.[1] In that December 14, 2012, motion, the father sought to set aside the trial court’s November 15, 2012, default judgment.[2] The father asserted various *666 arguments in that postjudgment motion, but he did not submit any supporting evidence in support of that motion. The trial court scheduled the father’s postjudgment motion for a hearing on January 30, 2013. In January 2013, the mother filed an opposition to the father’s postjudgment motion.
On February 1, 2013, after the trial court had conducted the January 30, 2013, postjudgment hearing, the father filed a supplement to his postjudgment motion in which he argued that the copy of the memorandum agreement located by his attorney did not contain a notation concerning the scheduled trial date. The mother responded to that supplemental filing by alleging that her copy of the memorandum agreement contained the notation scheduling the hearing for November 14, 2013; the mother also alleged that during the meeting that resulted in the memorandum agreement, the trial date had been scheduled after the parties had consulted with the court’s staff.
On February 6, 2013, the trial court entered a postjudgment order stating that it had considered the arguments of the parties, the father’s postjudgment motion and the mother’s opposition to that motion, the father’s February 1, 2013, supplement to his postjudgment motion, and “the official electronic file on AlaCourt Plus, especially page 193.” In its February 6, 2013, postjudgment order, the trial court denied the father’s postjudgment motion seeking to set aside the November 15, 2013, default judgment.
On March 11, 2013, the father filed a motion titled “motion to reconsider [the father’s] motion to set aside judgment.” In that motion, the father set forth a more extensive argument pertaining to the factors relevant for considering a request to set aside a default judgment. In support of his March 11, 2013, motion, the father submitted, among other things, his own affidavit. However, “[a] trial court lacks jurisdiction to entertain a successive postjudgment motion requesting the same or similar relief as the original postjudgment motion or requesting reconsideration of the trial court’s denial of the original postjudgment motion.” Green v. Green, 43 So.3d 1242, 1244 (Ala.Civ.App. 2009); see also Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994) (“Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.”). Thus, the trial court had lost jurisdiction over this matter after it denied the father’s motion to set aside the default judgment. We note that in his March 11, 2013, successive post-judgment motion, the father, as an alternative to his arguments under Rule 55(c), also purported to seek relief pursuant to Rule 60(b), Ala. R. Civ. P. Even assuming that the father properly requested relief under Rule 60(b), see Ex parte Haynes, 58 So.3d 761, 765-66 (Ala.2010), the possible pendency of that part of the father’s March 11, 2013, motion does not render the trial court’s rulings nonfinal so as to prevent review on appeal by this court. Rule 60(b), Ala. R. Civ. P. (“A motion under this subdivision does not affect the finality of a judgment or suspend its operation.”). Therefore, the February 6, 2013, order denying his December 14, 2012, postjudgment motion is a final judgment that will support an appeal, and the father’s appeal is timely.
The father contends on appeal that the trial court erred in denying his motion seeking to set aside the November 15, 2012, default judgment. The trial court has broad discretion in ruling on a motion to set aside a default judgment. Zeller v. Bailey, 950 So.2d 1149,1152 (Ala. 2006); Rudolph v. Philyaw, 909 So.2d 200, 202 (Ala.Civ.App.2005). In determining whether to grant or to deny a motion to *667 set aside a default judgment, the trial court must first presume that the action should be resolved on the merits whenever practicable. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 613 (Ala.1988). That presumption must be balanced against the policy interest of promoting judicial economy. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). Our supreme court has established guidelines to be followed by the trial court in exercising its discretion in determining whether to grant or to deny a motion to set aside a default judgment:
“[A] trial court’s broad discretionary authority under Rule 55(c)[, Ala. R. Civ. P.,] should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d at 605. See also Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869, 872-73 (Ala.2002) (discussing the law and the burden of the movant with regard to each of the three Kirtland factors).
On appeal, the father asserts arguments pertaining to each of the three Kirtland factors.[3] The trial court’s February 6, 2013, order expressly states that the court had considered the arguments of the parties during the postjudgment hearing and all the parties’ filings made before its ruling. The trial court also stated that it had considered “the official electronic file on AlaCourt Plus, especially page 193.” Page 193 of that record is the memorandum agreement that contains the notation “Trial date 11/14/2012” and is date stamped as having been filed in open court on September 4, 2012, and as having been filed in the trial-court clerk’s office on September 25, 2012. We conclude that that finding indicates that the trial court considered the third Kirtland factor, i.e., the culpable conduct of the father, and that the trial court resolved that Kirtland factor against the father. However, we make no determination regarding the propriety of that determination because the trial court’s judgment does not demonstrate that the court considered the other two factors under Kirtland.
Although the trial court stated that it had considered the arguments of the parties and all of their filings made before its ruling, the trial court’s February 6, 2013, order does not explicitly reference the other two Kirtland factors. Specifically, that order contains no determination as to whether the father had a meritorious defense or as to whether there would be prejudice to the mother and children if the November 15, 2012, judgment was set aside and the mother was required to again present evidence on the merits. In White v. Westmoreland, 680 So.2d 348, 349 (Ala.Civ.App.1996), this court held that when the record does not demonstrate that the trial court considered each of the three Kirtland factors, the judgment must be reversed and the cause remanded for such a determination. See also Jenkins v. Moss, 66 So.3d 803, 807 (Ala.Civ.App.2011) (reversing and remanding for the trial court to enter an order applying Kirtland when it appeared the trial court had considered only one of the three Kirtland factors).
*668 Accordingly, we reverse the trial court’s February 6, 2013, order and remand the cause for the trial court to enter an order containing findings pertaining to all three Kirtland factors.[4] This court’s holding, however, “is not to be construed to mean that the trial court must set aside the default judgment, only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.” White v. Westmoreland, 680 So.2d at 349.
The appellee’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. In one paragraph of his postjudgment motion, the father quotes a portion of Rule 60(b), Ala. R. Civ. P. However, in that December 14, 2012, postjudgment motion, the father made no argument pertaining to Rule 60(b) and did not seek relief pursuant to that rule. The substance of a postjudgment motion governs the manner in which it is construed. Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala. 1996). Accordingly, we conclude that the substance of the father’s December 14, 2012, postjudgment motion is confined to seeking to set aside the November 15, 2012, judgment pursuant to Rule 55(c), Ala. R. Civ. P.

. We agree with the parties’ characterization of the November 15, 2012, judgment as one entered by default. "While a failure to answer a complaint is a common basis for the entry of a default, a default may be entered on other grounds, including ... a failure to appear at trial.” Sumlin v. Sumlin, 931 So.2d 40, 46 n. 2 (Ala.Civ.App.2005); see also Rule 55(b)(2), Ala. R. Civ. P. (“[Jjudgment by default may be entered by the court on the day the case is set for trial without [the] three (3) days notice” required when a party has not filed an appearance in the action.).

. We note that, in support of his argument on appeal, the father cites as supporting facts evidence from the affidavit and other documents that were submitted to the trial court in his impermissible successive postjudgment motion that was submitted to the trial court after it had entered its February 6, 2013, postjudgment order and had lost jurisdiction over this matter. Accordingly, that evidence has not been considered by this court.

. To the extent that the father argues on appeal that the trial court should have afforded him relief under Rule 60(b), we conclude that such an argument is not properly before this court. Even assuming that the father properly sought relief pursuant to Rule 60(b) in his March 11, 2013, motion, the trial court has not ruled on that request. Therefore, there is no adverse ruling on the purported Rule 60(b) motion, and this court therefore does not address the father’s arguments based on Rule 60(b). See, e.g., Ex parte R.S.C., 853 So.2d 228, 233-34 (Ala.Civ.App.2002) (“A Rule 60(b) motion does not bring up for review the merits of the underlying judgment and is instead a collateral attack on the judgment. It does not affect the finality of a judgment or suspend its operation.”); and Rhodes v. Rhodes, 38 So.3d 54, 63 (Ala.Civ.App.2009) (“[Bjecause the trial court has not yet expressly ruled on the husband’s Rule 60(b) motion, it is still pending before the trial court and there has been no final order on that motion from which to appeal.”).