**Robert POOLE**

v.

**Cherlina MONTEIRO.**

2150028.

Court of Civil Appeals of Alabama.

March 11, 2016.

John C. Brutkiewicz, Mobile, for appellant.

Cherlina P. Monteiro, Mobile, for appellee.

MOORE, Judge.

Robert Poole appeals from the denial of his motion to set aside a default judgment entered by the Mobile Circuit Court ("the trial court") in favor of Cherlina Monteiro. We affirm the trial court's judgment.

### Procedural History

On March 20, 2015, Monteiro filed in the trial court a complaint against Poole alleging claims of breach of contract, misrepresentation, deceit, and fraud. On May 28, 2015, Monteiro filed an application for the entry of a default judgment against Poole, along with affidavits and other documents in support thereof. On June 3, 2015, the trial court entered a default judgment in favor of Monteiro. On June 19, 2015, Poole filed a motion to set aside the default judgment. In support of his motion, Poole alleged:

> "1) On June 3, 2015, this court entered a default judgment against [Poole] in the amount of $49,648.82.
>
> "2) [Poole's] failure to answer the ... Complaint was due to excusable neglect and he has [a] meritorious defense."

On July 16, 2015, Poole filed an affidavit in support of his motion to set aside the default judgment, stating:

> "On or about April 27, 2015, I was handed a manila envelope by Alissa Ramos. I know her to be ... Monteiro's niece and secretary. Ms. Ramos told me 'I was paid to bring this to you.' I now know that Ms. Ramos was acting as a process server and serving me with a civil complaint. I was under the mistaken belief that in order to serve you with papers that it had to be done by a sheriff, deputy or constable.
>
> "Due to a mistake, inadvertence and/or inexcusable neglect I put the package aside and did not properly tend to my business. I was unaware that I had been sued until I received the default judgment in the mail.
>
> "I have a meritorious defense to this claim. There never was a written contract. I have done substantial work for Ms. Monteiro and have been paid in cash for my work.
>
> "I was never informed by anyone including Ms. Monteiro that she was unhappy with my work.

"I wish to have my lawyer fully investigate Ms. Monteiro's claims by all means available and wish to have a trial on the merits on this claim."

On October 7, 2015, Poole requested that his motion to set aside be designated as a motion filed pursuant to Rule 55(c), Ala. R. Civ. P. On October 9, 2015, Poole filed his notice of appeal. On October 15, 2015, the trial court purported to deny Poole's motion to set aside and also denied Poole's request to designate his motion as one filed pursuant to Rule 55(c).

### Discussion

■ On appeal, Poole argues that his motion to set aside was actually filed pursuant to Rule 55(c) and, therefore, was denied by operation of law after 90 days pursuant to Rule 59.1, Ala. R. Civ. P., i.e., on September 17, 2015. In *Englebert v. Englebert*, 791 So.2d 975, 976 (Ala.Civ.App. 2000), this court reasoned:

"An appellate '[c]ourt looks to the essence of a motion, not necessarily its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure.' *Ex parte Johnson*, 715 So.2d 783, 785 (Ala.1998). Motions filed within the 30–day limitation of Rule 59(e), Ala. R. Civ. P., have been held to be Rule 59 motions and not Rule 60[, Ala. R. Civ. P.,] motions when they have been filed within 30 days of the judgment and have requested relief available under Rule 59(e). *See Johnson*, 715 So.2d at 786; *Ex parte Alfa Mut. Gen. Ins. Co.*, 684 So.2d 1281 (Ala.1996). We therefore hold that the son's motion for relief from the default judgment, which was filed within 30 days of the entry of that judgment, was a Rule 55(c) motion to set aside a default judgment.

"The judge did not rule on that motion within 90 days; accordingly, it was deemed denied by operation of law on May 27, 1998. Rule 59.1, Ala. R. Civ. P.".

Similarly, in the present case, Poole filed his motion to set aside the default judgment within 30 days of the entry of that judgment; therefore, that motion was in essence a Rule 55(c) motion to set aside the default judgment. *Id.* Because the trial court did not rule on that motion within 90 days, it was deemed denied by operation of law on September 17, 2015. *Id.*

■ Poole next argues that the trial court erred by not considering the factors set forth in *Kirtland v. Fort Morgan Authority Sewer Service, Inc.*, 524 So.2d 600 (Ala.1988), in determining whether to set aside the default judgment; those three factors are: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605. We note, however, that Poole failed to argue to the trial court that Monteiro would not be unfairly prejudiced if the trial court set aside the default judgment.

■ In *Brantley v. Glover*, 84 So.3d 77, 80–82 (Ala.Civ.App.2011), this court explained:

" 'A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. *Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.*, 524 So.2d 600 (Ala.1988). In reviewing an appeal from a trial court's order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing

policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in *Kirtland.*

" 'We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in *Ex parte Illinois Central Gulf R.R.*, 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment. *Kirtland,* 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605.'

"*Zeller v. Bailey,* 950 So.2d 1149, 1152–53 (Ala.2006).

"As we stated in *Richardson v. Integrity Bible Church, Inc.,* 897 So.2d 345 (Ala.Civ.App.2004):

" 'Because of the importance of the interest of preserving a party's right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory *Kirtland* factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the *Kirtland* factors.'

"897 So.2d at 349. However, in order to trigger the mandatory requirement that the trial court consider the *Kirtland* factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the *Kirtland* factors. *See Carroll v. Williams,* 6 So.3d 463, 468 (Ala.2008) ('Because Carroll has failed to satisfy his initial burden under the *Kirtland* analysis [of providing allegations and evidence relating to all three *Kirtland* factors], we will not hold the trial court in error for allowing Carroll's motion to set aside the default judgment to be denied by operation of law without having applied the *Kirtland* analysis.'). *See also Maiden v. Federal Nat'l Mortg. Ass'n,* 69 So.3d 860, 867 n. 3 (Ala.Civ. App.2011) (noting that we will not reverse the denial by operation of law of a motion to set aside a default judgment when the movant fails to argue the existence of the *Kirtland* factors in his or her motion).

"In this case, Brantley's motion to set aside the default judgment, together with his answer to Glover's complaint, addressed whether he had a meritorious defense to Glover's claim requesting a declaratory judgment and her [Alabama Litigation Accountability Act] claim. Brantley also addressed the culpable-conduct factor of the *Kirtland* analysis. However, Brantley provided no allegation or argument concerning the second factor in the *Kirtland* analysis—whether Glover would be unfairly prejudiced if the default judgment were set aside. Because Brantley did not allege that Glover would not be unfairly prejudiced by setting aside the default judgment, Brantley did not trigger the trial court's duty to analyze the *Kirtland* factors. Accordingly, we will not reverse the trial court's decision to allow Brantley's motion to be denied by operation of law

without analyzing the *Kirtland* factors. *See Carroll*, 6 So.3d at 468; *Rudolph v. Philyaw*, 909 So.2d 200, 204 (Ala.Civ. App.2005)."

(Footnote omitted.) *See also Austin v. Austin*, 159 So.3d 753 (Ala.Civ.App.2013).

Based on the same reasoning set forth in *Brantley*, we affirm the trial court's judgment in this case.

AFFIRMED.

THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.